CURTENIUS (COLUMBUS INSURANCE CO: v.). See Case No. 3,045.

CURTENIUS (MORGAN v.). See Case No. 9,-799.

CURTICE v. STORRS. See Case No. 1,291.

## Case No. 3,498.

### CURTIS v. BOWRIE.

[2 McLean, 374.] [1]

Circuit Court, D. Indiana. May Term, 1841.

ACTION AGAINST REPRESENTATIVES OF DECEASED JOINT OBLIGOR—SUFFICIENCY OF DECLARATION.

1. By statute in Indiana the representatives of a deceased joint obligor may be sued, as on a joint and several obligation.

2. A declaration which alleges a promise by the deceased to pay, and, also a promise by his administrators, though informal, is not bad on general demurrer.

3. It is apparent, from the whole declaration, that the defendants are charged in their representative character, and not in their own right. And this is substantially good.

[This action was brought by Lewis Curtis against the administrators of John B. Bowrie, deceased, upon a joint and several note executed by the decedent.]

Mr. Cooper, for plaintiff.

HOLMAN, District Judge. The declaration in this case states that John B. Bowrie, in his lifetime, together with John Peltin, made their promissory note to Booran & Co., whereby they promised to pay the said Booran & Co. the sum of eleven hundred and sixty one dollars and eighty six cents, and, also, the current rate of exchange, &c., and that the note was indorsed by Booran & Co. to the plaintiff, that before the payment of the note Bowrie departed this life, and that the defendants were duly appointed administrators of his estate, whereby they became liable to pay said note to the plaintiff, and that, being so liable, they promised to pay, &c. To this declaration the defendants have demurred generally.

The first cause of demurrer alleged, is, that the note is made jointly by Peltin and Bowrie, and that neither Bowrie nor his administrators could be sued on it without joining Peltin in the action. That this objection

would be fatal to the action at common law is unquestionable. A suit could not be maintained against one of two joint obligors. The suit must be against both. It is, however, otherwise where the note is joint and several; either is liable to the action as if the note was made by him alone. And the legislature of this state, in the Revised Code of 1838, page 358, have enacted "that the representatives of one jointly bound with another for the payment of a debt, &c., and dying in the lifetime of the latter, may be charged by virtue of such obligation in the same manner as such representatives might have been charged if such obligors had been bound severally as well as jointly." There can be no doubt but that the legislature, by these provisions, have placed joint obligations on the same footing with obligations that are joint and several, in actions like the present, and that this objection is untenable.

It is, also, urged that the declaration is insufficient, because it alleges a promise to pay by Bowrie in his lifetime, and, also, a promise by his administrators after his decease, leaving it doubtful, whether the plaintiff intends to charge the defendants in their own right, or in their representative character. The promissory note is the foundation of the action. The declaration alleges the promise of the decedent, and an obligation resting on him, by virtue of his making said note. The promise alleged to be made by the defendants after they became the administrators of the decedent's estate, is mere form, and can not charge them in their individual character. They are only charged in the declaration in their representative character, and if judgment goes against them it must be according to the tenor of the whole declaration against the estate of their intestate, as there is nothing in the declaration that would render them liable in their own right. We think the declaration is sufficient, and that the demurrer can not be sustained.