## KOWANACHI VS. ASKEW AS AD.

A party, who calls his adversary as a witness, under *section* 108, *chap.* 95, *Digest*, has no right to be sworn as a witness himself, unless his adversary refuse to testify.

Pleas to the merits are a waiver of the necessity of proving the representative character of the plaintiff, in a suit by an administrator.

### *Appeal from Columbia Circuit Court.*

Hon. SHELTON WATSON, Circuit Judge.

J. H. CARLETON, for appellant.

Mr. Justice SCOTT delivered the opinion of the Court.

This cause was tried, *de novo*, in the Circuit Court of Columbia county, on appeal from a justice of the peace. The style of the suit, as well as all the proceedings in the Circuit Court, indicate distinctly, that the plaintiff below sought a recovery in his representative character.

The defendant below interposed the pleas of the general issue, payment and set-off, in short upon the record, by consent; on which, in like manner, issues were formed and submitted to the court sitting as a jury.

It appears by the bill of exceptions, taken to the overruling of a motion for a new trial, that after the plaintiff below had read the note sued on, which was payable to the order of E. W. Christian, and had never been endorsed by him, and the defendant had read the credits endorsed thereon, and had introduced the plaintiff as a witness, to prove the further payment of fifteen dollars, " who answered that he knew nothing about it," the defendant then moved the court to be allowed to be sworn and testify himself in relation to the fifteen dollars, which the court refused, and the defendant excepted.

No further evidence having been introduced by either party, the court found $25 83 debt, and $2 89 damages for the plaintiff, and rendered judgment against the defendant accordingly.

The defendant then moved for a new trial upon the grounds:

1st. That the court had erred in refusing his motion to be allowed to testify as to the $15.

2d. Because no evidence had been produced by the plaintiff to show either the death of his alleged intestate, E. W. Christian, or the grant of letters of administration upon his estate to the plaintiff.

The court overruled the motion, and the defendant excepted and appealed to this court.

Our statute does not adopt the alleged rule of the civil law, "that if a person alleges another to be his debtor, and refers it to the oath of the debtor, he, (the debtor,) will be obliged to swear he owes him nothing; and if he refuses, it will be taken as true, and the debtor condemned to pay the debt;" but enacts, that if a party required to testify under its provisions, (*Digest, chap.* 95, *sec.* 108, *p.* 656,) *refuse* to do so, "the justice shall allow the party offering the demand or set-off, to be sworn and examined in relation to the same matter."

In this case, so far from the party required to testify having refused, he seems to have been sworn and interrogated.

The other ground was equally untenable, because the matter insisted upon, had been waived by the pleas to the merits interposed.

The judgment of the Circuit Court will be affirmed with ten per cent. damages.