MARY E. A. C. BROWN, *Adm'x*, *versus* GEORGE A. NOURSE & *Trustees*.

In an action of assumpsit, brought by one who sues as administrator, the general issue admits the capacity of the plaintiff. The question of the plaintiff's capacity can be raised only by plea in abatement.

In this State, the rule does not require that the writ should set out where, or by what authority, the administration was granted.

No one but the payee or his personal representative can maintain an action upon an unindorsed negotiable promissory note.

The statute of limitations is no bar to an action in this State, upon a promissory note made in another State, when the defendant has not resided here since the note was given.

After demurrer filed thereto, a plea in abatement cannot be amended.

ON REPORT.

ASSUMPSIT upon an unindorsed negotiable promissory note, dated July 27, 1858, signed by the principal defendant and made payable to J. W. L. Brown. Writ dated July 3, 1865.

The plaintiff alleges herself " of the city, county and State of New York, administratrix of the estate of J. W. L. Brown, late of Dubuque, in the State of Iowa, deceased," and the principal defendant as resident in the " State of Nevada."

The action was duly entered at the October term, 1865, when the trustees, residing in Portland, were charged upon their disclosure, and notice ordered upon the principal defendant.

At the following (April) term, the notice ordered having been complied with, the principal defendant appeared by his counsel and filed a plea in abatement, alleging therein that the plaintiff " is not now and never has been the administratrix of the goods and estate of J. W. L. Brown, late of Dubuque, &c., deceased, in and for the State of Maine ;" to which plea the plaintiff filed a general demurrer.

At the January term, 1867, the case came on for trial, when the defendant moved for leave to amend his plea in

abatement by verifying it by affidavit; but the motion being resisted, was denied by the presiding Judge. Whereupon the defendant joined the demurrer, which was sustained and the plea adjudged bad.

The defendant then pleaded the general issue together with a brief statement, alleging in bar that the plaintiff " was never duly appointed administratrix of the goods and estate of her said alleged intestate, within and for this State, and has not so alleged herself in her said writ," &c., and also setting up the statute of limitations.

At the same term, the plaintiff moved for leave, and was allowed, to make upon her writ the following indorsement: " The promissory note within described, is the property of the plaintiff in her individual right and capacity, and this suit is in the name of the plaintiff, as administratrix, for her benefit individually, and not as administratrix."

After reading the note declared on, the plaintiff put in, subject to objection, certain evidence tending to show that the note was her individual property by virtue of a written adjustment between herself and the heirs of her deceased husband, the payee.

It was in evidence that the plaintiff had been appointed administratrix of her husband's estate in this State since the commencement of this action; that previous thereto she was such administratrix in Iowa. It was also proved that the defendant had not resided within this State since the date of the note.

After the evidence was all in, the case was marked law and continued on report, — the full Court to draw such inferences as a jury might, and to enter judgment according to the rights of the parties.

*Howard & Cleaves*, for the plaintiff.

*Bradbury & Bradbury*, for the defendant.

An administrator, appointed and commissioned under the authority of another State, cannot maintain an action in this State upon any contract made with his intestate.

The plaintiff's allegation of the capacity in which she sues is equivalent to an allegation that she holds her letters of administration under the authority of another State. She being a foreign administratrix, the plea in abatement need not be verified.

This defence may be pleaded in bar as well as in abatement. *Langdon* v. *Potter*, 11 Mass., 315.

Facts in *Clark* v. *Pishon*, 31 Maine, 501, very different from these.

The general issue or plea in bar admits nothing not set out in the declaration. Plaintiff does not allege herself to be administratrix of her intestate within this State, and she was not.

Counsel also elaborately argued the effect of plaintiff's subsequent appointment.

KENT, J.—There can be no question that the plea in abatement was fatally defective, and that the amendment was not and could not be properly allowed. It is therefore out of the case.

The principal question is, whether under the general issue, the defendant admits the plaintiff's capacity as administratrix, or whether that is or can be put in issue by that plea. This question seems to have been directly determined by this Court in the case of *Clark* v. *Pishon*, 31 Maine, 503. It was there held that, — " by pleading the general issue the defendant admitted the plaintiff's capacity." This case was decided after the decision in *Langdon* v. *Potter*, 11 Mass., 315, in which a different doctrine is indicated, although that case was cited by counsel in *Clark* v. *Pishon*. On examination of the authorities, we are satisfied that the decision by our own Court is, to say the least, as well supported in every respect as the contrary doctrine.

In *Thynne* v. *Protheroe*, in the King's Bench, 2 M. & Sel., 553, the Court decided that even where the plaintiff had made profert of the letters of administration, and the plea was non-assumpsit, yet, as there was no necessity to produce

the letters, and as the plea admitted that he was administrator, the defendant had no right to insist upon their production. "If this could be done it would be the means of getting the benefit of *ne unques administrator* upon the general issue."

In *Gridley* v. *Williams*, 1 Salk., 38, it was resolved that the plea of *non est factum* admits the plaintiff to be a good administrator. The same doctrine is in substance found in Com. Dig. Pleader, 2 D, 10 – 2 D, 14.

This decision is also supported by its analogy to the numerous cases in which it is decided that, where a corporation sues, the plea of the general issue admits the existence of the corporation and its right to sue. The principle which lies at the bottom is, that where, independently of all merits, a party would deny the capacity of the plaintiff and his right to be heard in Court in the case, the objection must be interposed *in limine*, so as to prevent unnecessary costs and delay. It is a safe and extremely convenient rule in practice, and not unreasonable in its requirements. It only demands that what is preliminary in its nature shall be interposed and determined before the merits are reached.

We do not see any sufficient reason for overruling *Clark* v. *Pishon.*

It is objected that the plea of the general issue admits only what is set forth in the writ, and that the plaintiff does not therein say that she is administratrix of her intestate *within this State.* If the objection is, at this stage of the case, open to the defendant, the reply is that she does allege that she is "administratrix of the estate of J. W. L. Brown, late of," &c. The promises set forth are all to the intestate.

This is the usual mode of declaring in this State. It has never been required that the writ should set out where, or by what authority, the administration was granted. The administrator never makes profert of his letters of administration. The legal inference is, when a suit is brought in the name of an administrator, and he declares that he is administrator of a certain deceased person, that the declara-

tion is, that it was granted in this State. For he cannot be an administrator, with a right to sue in our courts, unless he has been here appointed.

This is clearly stated in the case relied upon by the defendants, before cited. *Langdon* v. *Potter*, 11 Mass., 313.

It becomes unnecessary for us to consider the question, how far a subsequent appointment as administrator would enable him to maintain an action before commenced in that capacity. We are, as before shown, bound to regard the point of capacity to sue, as conceded by the pleadings.

We do not perceive that the indorsement on the writ, that the note in suit was the property of the plaintiff in her own individual right, can affect the determination of this case. The note was payable to the intestate and to his order. It has never been indorsed, and therefore the action could only be brought by him or his personal representative. It is not unusual for one who has an equitable interest in a chose in action, commenced in the name of the original payee, to indorse on the writ a notice of his claim to the proceeds of the judgment. It makes no difference that the claim of such interest is made by the administratrix, in her individual character or capacity. Her rights are as distinctly separate as if vested in another person. It makes no difference to this defendant, whether this debt, when paid, is to be distributed to the creditors, or to be paid to an heir or the widow. This is a matter to be adjusted between those interested in the estate. The action may be maintained by the administratrix, because the legal right and interest in the note has never been transferred by indorsement.

The statute of limitations is invoked by the defendant. But he never resided in this State after the cause of action accrued, and therefore the statute never began to run. R. S., c. 81, § 114; *Brigham* v. *Bigelow*, 12 Met., 270; *Putnam* v. *Dike*, 13 Gray, 535.

As the statute in this case never begun to run, the provisions in § 103, of the above chapter, cannot be applied. That section is intended to reach only those cases in which

the statute has begun to run, and in which, but for this pro-vision for extension, it would be a bar in six years. But here no such state of facts exists. *McMillan* v. *Wood*, 29 Maine, 217.

The judgment must be for the plaintiff.

> *Judgment for plaintiff for amount*
> *of note and interest and costs.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.