# Louisville & Nashville Railroad Co. *v.* Trammell.

*Action for Damages against Employer, by Administrator of Deceased Employe.*

1. *Right of action; description of plaintiff in complaint.*—The right of action against the employer, for personal injuries causing the death of an employé while in the service, being given only to the personal representative of the deceased (Code, §§ 2590–91), it is sufficient if the complaint shows that the plaintiff is his administratrix, although it does not allege that she sues in that character.

2. *Plea of general issue, or general denial.*—A plea which avers that "the allegations contained in said complaint are untrue," or "denies each and every allegation contained in said complaint," is no more nor less than the general issue. (Overruling *M. & M. Railway Co. v. Gilmer*, 85 Ala. 422, and *Eq. Ac. Insurance Co. v. Osborn*, 90 Ala. 201.)

3. *Same.*—The plaintiff's right to maintain the statutory action, when the complaint alleges that she is the administratrix of the deceased employé, can only be put in issue by a plea of *ne unques administrator*, and a plea of the general issue is an admission of the representative character.

4. *Error without injury in rulings on pleadings.*—When a case is submitted to the decision of the court without a jury, rulings on demurrer, though erroneous, are not ground of reversal, if all the facts were available under the pleadings as framed, and the judgment of the court is fully supported by the evidence.

5. *Gross negligence overcoming contributory negligence.*—If the deceased employé, being in dangerous proximity to the railroad track, was evidently ignorant or oblivious of peril from an approaching train, and the engineer of the train saw his peril in time to avert in-

jury, the failure to use the proper available means to avert it is gross negligence, or the equivalent of willful and intentional wrong, and overcomes the defense of contributory negligence.

6. *Measure of damages.*—The damages recoverable in this statutory action against the employer, for injuries which resulted in the death of an employé, are limited to the pecuniary loss or injury sustained by the person or persons to whose benefit the recovery enures; and the fact that the abstract right of recovery, in any particular case, depends on proof of gross negligence, willful or intentional wrong, overcoming the defense of contributory negligence, does not increase the measure of damages.

7. *Same; how calculated.*—In this case, the action being brought by the decedent's widow as administratrix, she being the only member of his family, and the evidence showing that the decedent earned one dollar per day, that he "always carried his money home and spent it on his family," and that he was forty years old; the court holds that the recovery should be for such a sum as, at legal interest, would give the widow $150 per year for twenty-seven years, the probable duration of life of a person of that age, and exhaust the principal at the end of that period; and therefore reduces the judgment from $2,500 to $1,650.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAMES B. HEAD.

HEWITT, WALKER & PORTER, for appellant.

BOWMAN & HARSH, *contra.*

McCLELLAN, J.—The trial below was had before the judge of the Circuit Court without a jury, and this appeal brings under review his rulings on the pleadings, his conclusions of fact, and the judgment rendered in the cause; and it becomes our duty to pass upon the conclusion and judgment of the court on the evidence, without indulging any presumption in favor of the lower court's action, and to render such judgment as the Circuit Court should have rendered, or to "reverse and remand the same for further proceedings, as to this court shall seem right."—Acts 1888–9, p. 797.

The action is under sections 2590 and 2591 of the Code, and counts on injuries which caused the death of one M. C. Trammell. The right to maintain the suit is given and confined by the section last cited, *eo nomine*, to the personal representative of the deceased. The complaint is in the name of "Maria Trammell, administratrix of the estate of M. C. Trammell, deceased;" and in the body of the complaint it is averred that "plaintiff's intestate" was in the service of the defendant, &c., was injured in the manner therein specifically alleged, and died from the effects of such injuries; thus setting forth a cause of action which, by the terms of the statute, could enure only to the plaintiff in her representative capacity. In such

[Louisville & Nashville Railroad Co. v. Trammell.]

case, it need only appear from the complaint that the plaintiff is the personal representative of the person for whose death damages are claimed, and the maintenance of the action will be ascribed to that capacity, without averment that plaintiff sues *as* administrator or executor, or that the recovery will be assets of the decedent's estate.—*Beers v. Shannon*, 73 N. Y. 292; *Cordier v. Thompson*, 8 Daly (N. Y.), 172; *Hemphill v. Hamilton*, 6 Eng. (Ark.) 425. This doctrine would seem to derive especial force, when applied to cases like the present one, from the fact that the recovery is not assets of the estate in the usual acceptation of that term. Our opinion, therefore, is, that it sufficiently appears from this complaint that the plaintiff sues in her representative capacity; and the judgment rendered is not open to attack on the ground that the action was prosecuted by one having no right to maintain it.

3. The general issue, in this class of cases, is "not guilty," and it "puts in issue all the material allegations of the complaint."—Code, § 2675. The defendant below interposed the following pleas, upon which alone the trial was had: 1. "That it is not guilty of the matters and things alleged in the complaint." 2. "That the allegations contained in said complaint are untrue." 3. "That it denies each and every allegation contained in said complaint." The first is in form the general issue. The second and third certainly do no more than "put in issue all the material allegations of the complaint;" and they were properly treated by the circuit judge as presenting only the general issue.—*Kannady v. Lambert*, 37 Ala. 57; *A. G. S. R. R. Co. v. Frazier*, ante, p. 45. The cases of *M. & M. R. R. Co. v. Gilmer*, 85 Ala. 422; and *Equitable Accident Ins. Co. v. Osborn*, 90 Ala. 201, are supposed to be—probably are—opposed to this conclusion. If so, they must be overruled. The general issue in those cases was "an averment that the allegations of the complaint are untrue."—Code, § 2675. The pleas which were there held in effect to be something more than the general issue, were denials of "every and all the allegations of the complaint." This appears to have been held essentially different from an averment of the untruth of those allegations. We feel constrained now to recede from that position. Those actions were upon written instruments purporting to have been executed by the defendants, respectively. Their execution was not one of the facts which the plaintiffs were required to prove in order to recover, except upon a sworn denial of the fact. The general issue in no case puts in issue any fact, the burden of proving which primarily is not upon the plaintiff. Hence a denial of each, every and all the allegations of the complaint did not, in the cases referred

to put in issue the execution of the instruments sued on; and we are now of the opinion that our rulings to the contrary in those cases can not be sustained.

3. The general issue in cases of the class under consideration, apart from our statute, puts in issue only the facts alleged against the defendant, as to its duty to the plaintiff's intestate and its conduct in violation of that duty.—1 Chitty's Pleadings, p. 489. It has never been supposed that the statute, to which we have referred, enlarged the office of this plea; and on the contrary, we apprehend the general understanding to have been, and such has certainly been the practice, that this form of defense goes only in traverse of the misconduct, resulting in injury, which the complaint imputes to the defendant, the facts out of which the liability arises, and not in denial of the plaintiff's right to enforce the liability if it existed at all. Certain it is, in this case, that the plaintiff's capacity to sue, her title to maintain the action, could only be put in issue by a plea of *ne unques administrator*, and that by pleading the general issue, the defendant admitted the capacity and title stated in the complaint, which was, as we have endeavored to show, that of administratrix of the deceased employé's estate. 2 Greenl. Ev. § 338; *Brown v. Nourse*, 55 Me. 230; *Clerk v. Wheatly*, 11 Humph. (Tenn.) 556; *Kowanachi v. Askew*, 17 Ark. 595; *Reynolds v. Torrence*, 2 Brev. (S. C.) 59; *Kelly v. Thompson*, *Ib.* 58; *Worsham v. Goar*, 4 Port. 441. The fact, therefore, that the plaintiff offered no proof of her representative capacity affords no ground to impute error to the trial court.

4. With respect to the action of the trial court in overruling the demurrer to the second count of the complaint, and sustaining plaintiff's demurrer to defendant's special plea, we need only say that neither ruling involved any injury to the appellant. The plaintiff confessedly took nothing by her second count—there was not a particle of evidence adduced in support of it—and its remaining in the case could not have prejudiced the defendant, where, as here, the trial is without jury, and the duty is upon this court to render such judgment as the lower court should have rendered. Every fact laid in the special plea referred to was equally available under the general issue. And whether these rulings were erroneous or not—which we have not considered—they can not be availed of to reverse the judgment.—*Manning v. Maroney*, 87 Ala. 563; *Gilman v. Jones*, *Ib.* 691; *L. & N. R. R. Co. v. Hall*, *Ib.* 708; *Water Co. v. Nat. Meter Co.*, 90 Ala. 487; *Phœnix Ins. Co. v. Copeland*, *Ib.* 551; *Brown v. Ins. Co.*, *Ib.* 189.

5. We have carefully considered the evidence in this

record.    We are led by it to the same conclusion in respect of the defendant's liability as was reached by the judge of the Circuit Court.    It would serve no good purpose to discuss it in detail.    It will suffice to say that, after giving due consideration to the infirmative circumstances attaching to the testimony of plaintiff's witnesses, their account of the manner in which the fatal injuries were inflicted upon plaintiff's intestate is yet more credible than that an engine going at from four to six miles per hour should have struck the handles of a wheel-barrow with such force as to hurl it against Trammell and crush his skull, and this too without any manifest injury to the barrow; which is the theory of the defense, and the only theory advanced upon which to account for a result which confessedly transpired, and which is reasonably accounted for only by plaintiff's witnesses.    Finding that Trammell was stricken by the engine itself, in the manner deposed to by these witnesses, he must have been in dangerous proximity to the track, according to a preponderance of the evidence, for some time before the collision; not only so, but he was oblivious of the approach of the train; and both his proximity to the track, and ignorance of the peril, must have been known to the engineer.    Under these circumstances, the latter's failure, in the presence of known danger, to use all the means in his power to avoid striking the intestate, it appearing that preventive effort would have been effectual, was such recklessness or wantonness as supports the averments of the complaint as to willfulness and intentional wrong, not to speak of, or base our conclusion upon the evidence of an expressed willingness on the part of the engineer to run down upon Trammell.    We are therefore satisfied of the correctness of the trial court's view of the facts of the disaster.

6.    As to the amount of damages adjudged, however, we are of opinion that error was committed.    The general rules on this subject have been laid down by this court in *Louisville & Nashville R. R. Co. v. Orr*, 91 Ala. 548, and the more recent case of *James v. Richmond & Danville Railway Co.*, 92 Ala. 231.    We will not repeat them here further than to say that the measure of damages, in all cases where suit is for injuries causing the death of an employè, is the pecuniary value of the life of the employè to his next of kin, resulting either from a relation of dependency, or from expectation of benefit from the distribution of such estate as it may be inferred from the evidence he would have earned and saved but for untimely death; and while the abstract right of recovery may depend upon such recklessness or wantonness on the part of defendant as will overcome the defense of contributory

negligence, yet that consideration can not be looked to, to enhance damages beyond the point of compensation.

The present case is unlike that last cited in that it involves a dependent relationship between the deceased and the next of kin, and no pecuniary interest on the part of the latter except by way of support and maintenance. The evidence is that he received a dollar a day for his labor, and that "he always brought his money home and spent it on his family," thus negativing the idea that he saved anything. There is no evidence that his family consisted of others than himself and his wife, the plaintiff here. His probable duration of life was about twenty-seven years. The judgment was for two thousand five hundred dollars. This sum was fixed upon the theory, that his next of kin, his family, received to their support two hundred of the three hundred dollars which he annually earned, and that $2,500 at the legal rate of interest would produce that annual sum. The amount is too large. Assuming, as we must on the evidence we find in this record, that the family of the deceased consisted of himself and his wife, and that he spent three hundred dollars *per annum* on this family, the most liberal admeasurement of damages would give to the wife only one-half of that sum, or one hundred and fifty dollars; and the judgment is excessive on this score to the extent of the difference between a sum yielding two hundred dollars annually and a sum which would yield one hundred and fifty dollars, that is, between $2,500 and $1,875, or $625. But this is not all. It is manifest that, had Trammell lived and spent three hundred dollars, all his earnings, on himself and wife for twenty-seven years, there would have been at the end of that time nothing saved. Yet under this judgment the wife, as next of kin, would in that time receive and expend all she would have gotten had he survived, and at the end of the period of his probable life, still have $2,500, or $1,875, as the case may be, which she would not have received at all but for his death—a net gain over and above the pecuniary value of her husband's life of the amount of the judgment after the lapse of twenty-seven years. This, of course, is wrong. The true measure of damages manifestly is that which gives her such sum as, being put to interest, will each year, by taking a part of the principal and adding it to the interest, yield one hundred and fifty dollars, and as that the whole remaining principal, at the end of the twenty-seventh year, added to the interest on this balance for that year, will equal one hundred and fifty dollars. This sum we find to be approximately sixteen hundred and fifty ($1,650) dollars, and judgment will be here entered for that amount.

Each party will pay one-half the costs of the appeal in this court, and in the court below.

Modified and affirmed.