WABASH R. CO. v. BARBOUR.

(Circuit Court of Appeals, Sixth Circuit. April 14, 1896.)

No. 362.

REMOVAL OF CAUSES—JURISDICTION—FEDERAL QUESTION NOT SHOWN IN COM-PLAINT.

Plaintiff brought an action against defendant in a state court, his complaint disclosing no federal question involved. Defendant, upon a petition alleging that such a question was involved, secured the removal of the cause to a federal court, in which the case was tried and judgment rendered for plaintiff. Defendant then moved to set the judgment aside, for want of jurisdiction in the federal court, and to

remand the case to the state court. *Held*, that the federal court had no jurisdiction, and the judgment must be vacated, and the cause re-manded.

In Error to the Circuit Court of the United States for the Eastern District of Michigan.

This action was originally brought by the plaintiff, Edwin S. Barbour, below, in the Wayne circuit court, against the Wabash Railroad Company. to recover damages for an injury sustained by the plaintiff while a passenger on the defendant railroad company's train running from Chicago to Detroit. Among other counts in the declaration was one averring that the plaintiff became a passenger on the train of the defendant leaving the city of Detroit for the city of Chicago, and occupied one of the sleeping berths on said train, and the said defendant then and there accepted and received the plaintiff as a passenger on said train, and, in consideration that the plaintiff then and there became liable to pay, and promised to pay, to the said defendant, the regular fare charged by it for passage from Detroit to Chicago, to wit, the sum of $8.50, the said defendant undertook to carry him on said train. After the filing of the declaration the defendant filed a petition for the removal of the cause to the circuit court of the United States for the Eastern district of Michigan, which was in the words following:

"State of Michigan, Circuit Court for the County of Wayne.

"Edwin S. Barbour vs. The Wabash Railroad Company. No. 32,694.

"Petition for Removal to United States Court, to the Circuit Court for the County of Wayne, Aforesaid.

"The petitioner, the Wabash Railroad Company, defendant in the above-entitled cause, shows to the court as follows:

"(1) That the matter and amount in dispute in the above-entitled cause exceeds, exclusive of interest and costs, the sum or value of two thousand dollars.

"(2) That this cause is a suit of a civil nature, at law, arising under a law of the United States, to wit, an act entitled 'An act to regulate commerce,' approved February 4, 1887, and the amendments thereof, commonly called the 'Interstate Commerce Law.' That the facts in this cause, involving the construction of said law, so that this cause arises under said law, are that said plaintiff, Edwin S. Barbour, at the time he was a passenger on a train of the defendant, as set forth in the declaration, was traveling on a free pass granted to him by the defendant, from Detroit to Chicago and return, which pass exempted defendant from all liability for any injury to the plaintiff. And the defendant claims that said pass was good and valid by proper construction of said interstate law. And the plaintiff claims that the said free pass was utterly void and of no effect by reason of the provisions of the act of congress aforesaid. And said plaintiff accordingly claims, in the second count of his said declaration, that the defendant 'accepted and received the plaintiff as a passenger on said train, and, in consideration that the plaintiff then and there became liable to pay, and promised to pay, to the said defendant the regular fare charged by it for passage from Detroit to Chicago, to wit, the sum of $8.50, the said defendant undertook to carry him on said train, and in a sleeping car as aforesaid, from said city of Detroit to said city of Chicago,' which said count is framed on the theory, as plaintiff claims, that said plaintiff was and is bound by an implied promise to pay fare, because the pass which he held was utterly void by reason of the interstate commerce law aforesaid, and that the said conditions of said pass are not binding on plaintiff. But defendant claims that said pass was not made void by said law, but was good and valid, and its conditions binding on plaintiff. The said pass was issued to plaintiff as a stove manufacturer, attending a convention of such manufacturers at Chicago, and like passes were issued at the same time to all other stove manufacturers in Detroit going to said convention, and plaintiff and all said manufacturers were shippers of stoves by defendant's road. And defendant claims that the issuance of said pass was not a violation of said interstate law, forbidding unjust discrimination in transportation, where the service is like and contemporaneous, and under

substantially similar circumstances and conditions, and that said pass was valid under said law, and the exemption therein binding on plaintiff, even if there was an unjust discrimination in its issue.

"(3) Your petitioner offers herewith good and sufficient surety for the entry by it in the circuit court of the United States for the Eastern district of Michigan, on the first day of its next session, of a copy of the record in said suit, and for paying all costs that may be awarded by said circuit court if said court shall hold that this suit was wrongfully or improperly removed thereto.

"Your petitioner therefore prays this court to proceed no further in this suit, except to make the order of removal required by law, and to accept said surety and bond, and to cause the record herein to be removed into said circuit court of the United States for the Eastern district of Michigan.

"[Signed]                    The Wabash Railroad Company,
                             "By Alfred Russell, Its Attorney."

The plaintiff made a motion to remand, which motion was overruled. The case proceeded to trial, and resulted in a verdict for the plaintiff of $5,000, together with his costs. After judgment had been entered, the defendant moved to vacate the judgment, and to remand the case to the state court, on the ground that the circuit court had no jurisdiction of the case. The motion was denied. Defendant then brought this writ of error, assigning error not only to the ruling as to jurisdiction, but also to the rulings of the court at the trial and on the merits.

Alfred Russell, for plaintiff in error.

Fred. A. Baker, for defendant in error.

Before TAFT and LURTON, Circuit Judges, and HAMMOND, J.

TAFT, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

We are very loath to rule with the defendant in this case, and reverse the judgment, which, on the merits of the case, is clearly a just one. We are especially reluctant to do this when we must do it in favor of the party which first sought the federal jurisdiction, and now seeks to avail itself of the benefit of an error into which it urged the court below. We are not, however, able to discover any theory upon which the jurisdiction of the court below can be sustained, in view of the decisions of the supreme court of the United States. In Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, it was held that:

"Under Act Aug. 13, 1888, c. 866, the circuit court of the United States has no jurisdiction, either original, or by removal from a state court, of a suit, as one arising under the constitution, laws, or treaties of the United States, unless that appears by the plaintiff's statement of his own claim."

This view has been affirmed by the same court in Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34; Postal Telegraph Cable Co. v. Alabama, 155 U. S. 482, 15 Sup. Ct. 192; and Land Co. v. Brown, 155 U. S. 488, 15 Sup. Ct. 357.

Under these cases, no statement in a petition for removal can supply the absence of averments, in the plaintiff's statement of his own claim, showing that the case involves a federal question. In the case at bar, the plaintiff did not make, in his declaration, the slightest suggestion from which it could be inferred that there was a federal question involved in the consideration and decision of the cause of action which he set out. It was not until the petition for

removal was filed that the possibility that a federal question might arise on the trial appeared. Hence the court below had no jurisdiction. Nor is it material that the removal was caused by the party now complaining of it. It is well settled, by decisions of the supreme court, and on principle, that the party improperly removing the case from the state court may assign as error the want of jurisdiction over the subject-matter of the court to which the removal has been had. Martin's Adm'r v. Railroad Co., 151 U. S. 674–690, 14 Sup. Ct. 533; Railway Co. v. Swan, 111 U. S. 379–382, 4 Sup. Ct. 510; Capron v. Van Noorden, 2 Cranch, 126; Brown v. Keene, 8 Pet. 112. The defect in jurisdiction here is not merely modal, like the time within which a petition for removal is to be filed, but it goes to the substance of the jurisdiction.

The judgment of the circuit court is reversed, with directions to remand the case to the circuit court of Wayne county, Mich. The costs of this court, and the costs of the circuit court, and of the trial had therein, will all be taxed to the Wabash Railroad Company.