## WINTERS v. DRAKE.

(Circuit Court, N. D. Ohio, W. D.   June 12, 1900.)

1. REMOVAL OF CAUSES—FEDERAL QUESTION—PLEADING.

The rule that a cause is not removable, as one arising under the constitution or laws of the United States, unless such fact appears from the plaintiff's pleading, applies only to cases in which the federal question is one inhering in the controversy itself, so that if raised by the defendant, and determined against him by the state court, he may remove it for review by appeal or writ of error to the supreme court; and such rule cannot be so extended as to permit a plaintiff to prevent the removal of a suit against a receiver of a federal court by omitting to state in his pleadings by what court defendant was appointed receiver.[1]

2. PLEADING—CONSTRUCTION OF PETITION—FACTS STATED BY IMPLICATION.

A declaration alleging that the defendant was duly and legally appointed receiver of a railroad, and, as such receiver, by order of the court took possession of and operated said road, may be taken as stating, by implication, the court by which the defendant was appointed receiver, according to the fact.

3. REMOVAL OF CAUSES—FRAUD UPON FEDERAL JURISDICTION—SUPPRESSION OF FACTS IN PLEADING.

The omission of a plaintiff in his declaration in an action against a receiver to state that the defendant was appointed such receiver by a court of the United States, where such was the fact, and the absence of such statement is relied upon to prevent the removal of the cause, may fairly be considered as a fraud upon the jurisdiction of the federal court, whether so intended or not.

### On Motion to Remand to State Court.

The plaintiff's petition, in its caption and in the body of it, as also the summons or writ, sues the defendant "as the receiver of the Cincinnati, Jackson & Mackinaw Railway Company," but nowhere states the fact that he was appointed receiver, or that he holds and operates the road by order of the United States circuit court for the Northern district of Ohio. The defendant in proper time filed in the state court his petition for removal, setting forth all the requisite jurisdictional facts, and, among others, "that the suit is one arising under the constitution and laws of the United States, to wit, that said suit is against a receiver appointed by a court of the United States," he having been duly appointed by the circuit court of the United States for the Northern district of Ohio, and that he did at the time of the alleged injury, and does now, hold and operate the railroad as such receiver, and not otherwise. The motion to remand is based on the ground that it does not appear by the record in the plaintiff's statement of her case that the defendant is a receiver

---

[1] Jurisdiction of suits against receiver of federal courts, see note to J. I. Case Plow Works v. Finks, 26 C. C. A. 49.

appointed by a federal court, nor otherwise that it is a case arising under the constitution and laws of the United States, than by the petition for removal itself, which is not permissible.

Snook & Savage and W. F. Corbett, for plaintiff.
Swayne, Hayes & Tyler and Doyle & Lewis, for defendant.

HAMMOND, J. It must be conceded that the supreme court of the United States, in removal cases, has carried the doctrine that the jurisdiction of the subject-matter must appear on the face of the plaintiff's own case, and cannot be injected into the record by the defendant in making his case for removal, to such extreme length that our jurisdiction here is very doubtful. Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511; Chappell v. Waterworth, 155 U, S. 102, 15 Sup. Ct. 34, 39 L. Ed. 85; Land Co. v. Brown, 155 U. S. 488, 15 Sup. Ct. 357, 39 L. Ed. 233; Railway Co. v. Skottowe, 162 U. S. 490, 16 Sup. Ct. 869, 40 L. Ed. 1048; Metcalf v. Watertown, 128 U. S. 586, 9 Sup. Ct. 173, 32 L. Ed. 543; Railroad Co. v. Barbour, 19 C. C. A. 546, 73 Fed. 513. And yet it can scarcely be conceived that it is the intention of those decisions to apply the doctrine to a case like this, which presents in such simple form the opportunity, and its use, of defrauding the federal court of its rightful jurisdiction by the designed concealment of the jurisdictional fact that the defendant is the receiver of the federal court. The omission to describe him as such could have, in law, no other effect than that. It takes advantage of the indulgence of an act of congress which allows receivers of federal courts to be sued without leave of the courts, to abuse it, by subjecting such receivers to a jurisdiction they might avoid but for that abuse. Act Aug. 13, 1888, c. 866, § 3 (25 Stat. 436).

Certain it is that it was not the intention of congress to so extend the indulgence. It had the simple purpose of allowing plaintiffs to sue receivers without the delay and expense of obtaining leave from courts often not accessible for that purpose without it. But there is nothing to indicate a surrender so disastrous to all control of those dealing with the receivers, and so enormously embarrassing to the federal courts in the administration of their receiverships, as the contention of the plaintiff in this case, if sustained, would impose. Just think of it. A plaintiff may, if that contention be sound, of his own arbitrary choice deprive every federal court, without exception, of any possible jurisdiction of his suit for damages against a federal receiver. Not even the supreme court of the United States, by writ of error or appeal, could revise his recovery in any respect whatever. And this he could do by the simple device of omitting all mention of the fact in his pleading that he was suing a federal receiver. For, be it remembered, the only usefulness of that fact, in a case like this, is to give the federal court jurisdiction by removal. If the omission may defeat that right, it is a final and fatal defeat. If the defendant cannot set up the fact in his petition for removal, and claim the right of federal jurisdiction, then and there, as one given to him under the constitution and laws of the United States, he can never set it up elsewhere or in any way, and receive that benefit. If in the state court he plead it or set it up in his answer, cui bono? It is an immaterial plea or issue,

and he could take nothing by it. It is a mere waste of paper to plead it, for he could not by such a plea transfer the case to a federal court, nor ask any relief because of the fact. It does not go to the merits of the controversy, pertaining only to the matter of jurisdiction, venue, or forum in which the action is to be tried. Except the desired change of forum, there is nothing else involved in the right he claims under the federal laws, and no other federal question, so called. And here, it seems to me, lies the plain distinction between this case and those relied upon by the plaintiff.

Those are cases where the right claimed under the constitution and laws of the United States is of that substantial character which belongs to or inheres in the controversy itself, as a part of its merits,—one that, if the plaintiff do not develop in his case as he pleads it, the defendant may nevertheless plead or set up in his answer; and, although he may not remove the suit to a federal court, in limine, he may, if the federal right be denied him, remove that to the supreme court of the United States from the state court of last resort, and there have it determined by a federal tribunal. But should those decisions have any application to those cases involving a right or claim under the constitution and laws of the United States, like this, where the remedy of a writ of error or appeal to the supreme court of the United States would be unavailing to settle the rightfulness of the claim as one arising under the constitution and laws of the United States? I think not. We must here, however, guard against any possible confusion in the meaning of what has just been said. If the state court should refuse this removal, as I understand is the case, and go on, as it may, with the litigation, the very question we are now considering on this motion to remand would arise, and might be taken from the state court of last resort to the supreme court of the United States. That is to say, the question would be presented to the state and federal supreme courts, respectively, whether or not there would exist a right of removal where the averment that the defendant was a federal receiver had been omitted from the plaintiff's petition and was to be found only in the defendant's removal petition. But that is not the unavailing writ of error referred to in the above-suggested test.

Again, if this motion to remand should be granted, there could be no writ of error from our judgment in that behalf, and the jurisdiction of the state courts would indeed become final. But that is by force of the statute which denies a writ of error from such judgments for the very purpose of making the jurisdiction of the state courts conclusive. Act Aug. 13, 1888, c. 866, § 2, last clause (25 Stat. 435). And here it may be remarked that this feature of the removal acts makes it all the more necessary that the right of removal should not be unduly impeded by carrying too far the doctrine contended for by the plaintiff. It is desired, also, to get away from that possibility of confusion in applying the test of our jurisdiction above suggested, and which seems, to my mind, so conclusive in its favor.

Let us take the case of Tennessee v. Bank of Commerce, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511, for illustration of our meaning. There the federal right relied upon by the defendant bank was that of

an inviolable charter contract of exemption from taxation. While it was held that neither by original jurisdiction nor by removal could a circuit court of the United States acquire jurisdiction unless that fact should appear by the plaintiff's statement of his own claim, it was left open to the defendant banks to set up the exemption in their defense to any suit brought in the state court. And Mr. Justice Gray, quoting from another case, especially calls attention to this right of the defendant to invoke a federal decision of his federal question by his own pleading, in the following words:

"In support of this view it may be added that the defendant in such case is not without remedy in a federal court; for if he has pleaded and relied on such defense in the state court, and that court has decided against him in regard to it, he can remove the case into this court by writ of error, and have the question he has thus raised decided here." 152 U. S. 462, 14 Sup. Ct. 657, 38 L. Ed. 514.

This is precisely what the Tennessee banks subsequently did, and afterwards their claim of charter exemption was decided against them by the supreme court of the United States. Bank of Commerce v. Tennessee, 161 U. S. 134, 16 Sup. Ct. 456, 40 L. Ed. 645; s. c. 163 U. S. 416, 16 Sup. Ct. 1113, 41 L. Ed. 211. Whenever that remedy is not open to a defendant, the rule that he cannot remove his case unless the federal question appears in the plaintiff's statement of his own claim does not apply, in my judgment, since it would come to the absurd result that the plaintiff could exclude him from the federal court altogether by his simple volition, and a careful omission from his petition or declaration of the federal fact, if it may be called so.

Now, if no attempt had been made to remove this case, and the defendant had pleaded and relied on the fact that he was appointed by a federal court as the receiver of a railroad company whose affairs were by that court being administered in foreclosure or insolvent proceedings, the plain answer would have been that nevertheless he was liable to suit in the state court, which is true. It is no defense to a suit for personal injuries that the defendant is the receiver of a federal court, and it presents, and can present, no important issue to be decided against him, nor for him, as to that matter. If the plea presented an issue of fact, as to whether he had or had not been appointed the receiver of a federal court, a decision of that issue in his favor would do him no good, for he could take nothing by it; and he could be no worse off by a decision of that issue against him. It would be what the old pleaders call an "immaterial issue." In no event could he by such a plea remove the merits of his case to a federal court by writ of error. And yet the supreme court has decided that that is the federal fact which constitutes the case one arising under the constitution and laws of the United States, and entitles the defendant to federal jurisdiction or to a federal forum. Railroad Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829. How can he secure this, if he may not state the fact in his petition for removal? If it be insisted that he may plead it, and that, if the plea goes against him, he may, on writ of error to the supreme court, if that be possible, have the decision against him reversed, then there is only established the fact that he is a receiver of a federal court. It does not bring the plaintiff's suit for injuries, and the question whether the

receiver be liable, and, if liable, for what amount of damages, before any federal tribunal for its determination; and that is the only right which is important to him, and which he can never assert in any way if it be denied to him to assert it in his petition for removal when the plaintiff fails to state it in his cause of action.

This case is more like that of Railway Co. v. Cody, 166 U. S. 606, 17 Sup. Ct. 703, 41 L. Ed. 1132, than those cited in favor of the plaintiff's contention; the leading one being the Bank of Commerce Case, already cited, and another, most relied upon, being the case of Railway Co. v. Skottowe, 162 U. S. 490, 16 Sup. Ct. 869, 40 L. Ed. 1048, which is cited and distinguished in the Cody Case, supra, as not being out of harmony with it. In the Cody Case the defendant was a federal corporation, and as such entitled to remove the suit. The plaintiff had, as in this case, artfully omitted to state that the defendant was a federal corporation; using very much the same language as that used in the pleading of the plaintiff here. But it was held that the Skottowe Case, supra, did not apply, and that the defendant company might set up its federal character in its petition for removal.

This view renders it quite unnecessary to consider the question whether it operates as a fraud upon the jurisdiction of the federal court to omit the averment that the defendant receiver was appointed by the federal court, or whether the averment of the plaintiff's declaration that "the defendant, F. B. Drake, was duly and legally appointed receiver of said corporation, and, as such receiver, by order of the court took possession and control," etc., "and on his appointment as such, under and pursuant to the order of the court, took charge of said railroad," etc., "and immediately begun to operate the same for the purpose of carrying passengers and freight, and has ever since operated," etc., imports into the plaintiff's statement, necessarily, the omitted words, viz. "by the United States circuit court for the Northern district of Ohio." But it may be well enough to remark that by analogy from other instances the omitted words might very well be taken to be necessarily implied, as, when it is averred that one is sued "as administrator of the estate of A. B.," it is necessarily implied that he was duly and legally appointed by whatever court had power to appoint, and by that court which in fact did appoint him administrator. It is true that either of more than one court might have the power of appointment, and likewise the administrator may have been in fact appointed by more than one court, as might a receiver. Still, in aid of the jurisdiction, where the character or capacity is sufficiently, though not fully, described, it will be implied, according to the precise fact, which is only imperfectly stated, or, on the other hand, mere surplusage may be rejected in aid of the suit, if the whole declaration shows the true intendment. Curtis v. Bowrie, 2 McLean, 374, Fed. Cas. No. 3,498; Braden v. Hollingsworth, 8 Humph. 19. The court appointing the executor or administrator need not be named in the pleading, but may be implied even where the stricter rule applies against a representative plaintiff. 8 Enc. Pl. & Prac. 667, citing Langdon v. Potter, 11 Mass. 313; Brown v. Nourse, 55 Me. 230; Ellis v. Appleby, 4 Ry. & Corp. L. J. 462; Champlin v. Tilley, 3 Day, 305; Jordan v. Hamlink, 21 D. C. 189. The defendant's representative ca-

pacity may be stated less technically and precisely than a plaintiff's, and, of course, being largely a matter of evidence, as to him the implication in pleading is the more readily indulged. 8 Enc. Pl. & Prac. 683. The rule permitting implication in pleading as to the name of the court appointing an administrator, according to the fact, adjusts itself still more readily to the case of suits against receivers, though no case has been found ruling the point.

As to the question of intentional fraud upon the jurisdiction of the federal court by omitting to describe the defendant receiver as one appointed by a federal court, it may be said that, whether the omission be intended to prevent a removal or not, the effect is, if the plaintiff's contention be well founded, just the same, and the removal becomes impossible. In such cases the fraudulent intention may be conclusively assumed, upon the familiar principle that one always intends, in law, the necessary consequences of that which he does, and will not be heard to aver to the contrary. Mr. Justice Miller states the proposition briefly when he says, in Wilson v. Bank, 17 Wall. 473, 486, 21 L. Ed. 728, that "the general legal proposition is true, that where a person does a positive act, the consequences of which he knows beforehand, he must be held to intend those consequences." One who makes a voluntary conveyance will be held to intend the hindrance it brings to his creditors, although he did not realize the fraudulent character of the act, or know of the conditions which in law make it fraudulent. Mitchell v. Beal, 8 Yerg. 134; Freeman v. Pope, 5 Ch. App. 538; Id., 9 L. R. Eq. 206; Bump, Fraud. Conv. 70. So, if one, without any right or reasonable ground to sue another, joins him as a home defendant with one against whom he has a cause of action, being a citizen of another state, and the joinder has the effect to defeat the right of removal to a federal court, he commits a fraud upon that jurisdiction, although he may not have been aware of the effect, or may not have had it in his mind to defraud the jurisdiction, as he does in fact. Certainly he will not be allowed to profit by his ignorance in that regard, and take the benefit of his act, to the detriment of the adversary party. He stands in the same attitude as if he had deliberately and artfully done the act of which he desires to take advantage. Arrowsmith v. Railroad Co. (C. C.) 57 Fed. 165; Arapahoe Co. v. Kansas Pac. R. Co., 4 Dill. 277, Fed. Cas. No. 502; Landers v. Felton (C. C.) 73 Fed. 311. Mr. Justice Miller said in one of these cases last cited, "We must therefore be astute not to permit devices to become successful which are used for the very purpose of destroying that right" (the right of the removal). This motion to remand might well be denied, therefore, on the ground that the omission to describe the defendant as a receiver appointed by the United States court operated to defraud the defendant of his right of removal, whether so intended or not. Motion denied.