(89 South. 288)

### HENSON et ux. v. GUNN. (7 Div. 167.)

(Supreme Court of Alabama. April 7, 1921. Rehearing Denied May 19, 1921.)

**1. Bills and notes ⬅94(1)—Bulk renewal of two notes constitutes sufficient consideration for a note and mortgage.**

Although a note and mortgage were given in bulk renewal of two notes, they were supported by an adequate consideration of money lent.

**2. Acknowledgment ⬅62(2)—Defense of no execution held not sustained by the evidence.**

Although defendants denied execution of a note and mortgage, where the facts of execution and acknowledgment are certified by an officer of the law and supported by his oath as a witness in the cause, while defendants' denial is not free from equivocation, the defense is not sustained.

**3. Bills and notes ⬅485—Verified answer denying each and every allegation not sufficient to put assignment of a note and mortgage in issue.**

In a suit on a note and mortgage, under Code 1907, § 5332, providing that a pleading denying an instrument in writing must be sworn to, and section 3967, providing that, if the assignment of it is denied by sworn plea, the burden of proof is on the complainant, a sworn answer denying each and every allegation of the complaint did not put the burden of proving the assignment on complainant, since it was not a special plea.

**4. Bills and notes ⬅480—Denial of bona fides of the ownership of a note and mortgage does not deny the assignment.**

Under Code 1907, § 5332, which provides that a pleading denying an instrument in writing must be sworn to, and section 3967, which provides that, when the assignment of an instrument in writing relied on is denied under oath, the burden of proof is on the complainant, a denial in a verified answer that complainant was a bona fide holder of the note and mortgage amounted to only a denial of bona fide ownership under the law merchant, and was not a denial of the assignment of the note and mortgage.

Appeal from Circuit Court, Shelby County; E. J. Garrison, Judge.

Bill by Julia Gunn against J. L. Henson and wife to foreclose a mortgage. Decree for complainant and respondents appeal. Affirmed.

Richard H. Fries and Henry Upson Sims, both of Birmingham, for appellants.

Where the witness to the instrument has died, it must be proven by competent evidence. Sections 4004 and 4005, Code 1907. The burden was cast upon the complainant to prove ownership. 196 Ala. 645, 70 South. 1; section 3967, Code 1907. A general denial is all that is required, unless the knowledge

---

is prima facie peculiarly in the respondent. 72 South. 127.

W. L. Acuff, of Columbiana, for appellee.

Pleas denying execution must be sworn to, notwithstanding oath is waived. 107 Ala. 272, 18 South. 37; Sims, Chancery Prac. 471. This is also true of pleas denying ownership. 125 Ala. 566, 28 South. 79. There was sufficient consideration shown. 128 Ala. 175, 30 South. 792; 139 Ala. 319, 35 South. 998; Sims, Chancery Prac. 472; 6 Ala. App. 249, 60 South. 744.

SAYRE, J. [1, 2] The bill in this cause was filed by appellee and sought the foreclosure of a mortgage executed to the Citizens' Bank of Calera, by the bank assigned to one Nichols, and by Nichols assigned to complainant. Defendants pleaded that they—Henson and his wife, whose name appears with his—had not executed the mortgage or the note secured by it, and denied the assignments averred in the bill. Further, they answered, the note and mortgage were without consideration. So far as concerns the first and last of these defenses we feel constrained to find in agreement with the trial court that the note and mortgage in suit were supported by the consideration of money lent. It may be, probably is, true that these instruments were given in bulk renewal of two notes of the previous year. They were nevertheless supported by an adequate consideration. We must also hold that defendants did execute the note and mortgage declared upon. They deny; but their denial is not altogether free of equivocation. On the other hand, the facts of execution and acknowledgment are certified by an officer of the law and supported by the oath of the officer, sworn as a witness in this cause. We are far from feeling that this defense is sustained by clear and convincing proof. Barnett v. Proskauer, 62 Ala. 486; Freeman v. Blount, 172 Ala. 655, 55 South. 293.

[3, 4] As to the defense based upon the denial of the assignments and complainant's alleged failure to prove them, defendants, appellants, proceed upon the theory that these assignments were denied by sworn plea (section 5332 of the Code), and hence that the burden of proving them rested upon complainant (Code, § 3967). Defendants did in their sworn answer deny "each and every allegation" of the bill and did further and more specifically deny that "complainant is a bona fide holder in due course of said note and mortgage"; but a denial of each and every allegation is nothing more than the general issue; it is not a special plea. L. & N. R. R. Co. v. Trammell, 93 Ala. 350, 9 South. 870; Stein v. McGrath, 128 Ala. 175, 30 South. 792. Nor is the averment quoted in the second place, supra, a specific denial, nor indeed a denial in any sort, that the note and mortgage had been assigned; it merely denies the bona fides of complainant's ownership within the meaning of the law merchant. Hence our conclusion that the burden of proving the assignments averred was not by the pleading placed upon the complainant.

No sufficient cause is shown for setting aside the decree under review.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.