Jackson, J.
This case having been submitted without argument, the Court have been at some pains in searching and examining the authorities applicable to the questions which present themselves.
*It is well settled that an administrator, appointed [ * 314 ] and commissioned under the authority of another state, cannot maintain an action in this state upon any contract made with his intestate. (1) The question therefore is, whether, in this case, it appears judicially to the Court that the plaintiffs were not duly appointed administrators under the authority of this common wealth ; or whether we can regularly inquire into the fact, or hear evidence concerning it, so as to make it the foundation of a legal determination of this suit.
It will be recollected that a declaration by an administrator in our courts does not make proferí, of the letters of administration, nor set forth where, or by what authority, the administration was granted, (a) There is nothing, therefore, in the declaration to show that the administration was not regularly granted in this state. On the contrary, the legal inference would be that it was so granted. The defendant had not in any manner questioned the right of the plaintiffs to commence and prosecute this action; but, after three pleas in bar to the merits of the action had been filed, and issues joined on them, and after the cause was opened to the jury, the trial was stopped on an objection suggested by the defendant, that the plaintiffs were not duly appointed administrators in this state.
If the objection had been at the time reduced to some definite form, it might have suggested some of the difficulties which now present themselves on considering the question. The fact relied on by the defendant could not have come out in evidence to the jury, because it was not in issue. The plaintiffs were not required to prove, on the trial, that administration had been committed to them; nor could the defendant have been permitted to offer any evidence to that point. The plaintiffs therefore could not now be nonsuited, on the ground that they had not made out their case.
The objection may, then, be considered as if made before the trial, or after a verdict for the plaintiffs ; and it must have been suggested as the foundation of some motion by the defendant. Without inquiring, at present, what would * be [*315] the form or purport of such a motion, we may observe *288 that it must have contained, in substance, a prayer that the plaintiffs should take nothing by their writ, and that the defendant should go thereof without day ; as this would manifestly be the effect of the objection, if it should prevail.
If the plaintiffs in such case should deny the fact, it must be tried by affidavits, or other proper evidence, to be submitted to the Court, without the intervention of a jury. By this course the plaintiffs would be barred, or perpetually disabled, from maintaining their action, by the decision of a question of fact which does not appear on the record, which is not in issue, and as to which they are de prived of a trial by jury. These considerations are decisive to show that the objection here suggested does not come regularly before the Court.
It is very clear, also, from authorities and- precedents, that this matter should have been specially pleaded by the defendants. (2) It is, in effect, a plea in disability of the plaintiffs. It does not touch the merits of the action, or the validity of the demand ; but merely alleges that the present plaintiffs are not entitled to maintain the action.
If two persons sue as husband and wife, the defendant, if he would avail himself of that objection, must plead that they were never married. (3) So, if the plaintiff sues as warden of the fleet prison, or as abbot, or as church-warden, if the defendant would deny that he is such officer, he must plead it. (4)
In some of the cases cited, the plea is in abatement, or in disability of the plaintiff; in others, it is a plea in bár.
Chitty, in his treatise on pleading, and Serjeant Williams, in his notes on Saunders, both say that, when the suit is brought by one as administrator, any matter which shows that the grant of administration is void, and that the plaintiff is not administrator,'should be pleaded in bar; because it shows that the plaintiff cannot maintain any action in the character of administrator, and is [ * 316 ] therefore a bar to his action ; and * because it does not give the plaintiff a better writ, which is necessary in every plea in abatement.
But these reasons do not appear perfectly satisfactory. As to the first, it applies with equal force to many other pleas in disability 0f the person. The plea of alien friend in a real action is always in abatement; and yet it shows that the demandant can never maintain any action for the land. So alien enemy, outlawry for felony, *289 and attainder, may always be pleaded in abatement, although, in certain actions, they constitute a perpetual disability, and will forever preclude the plaintiff from maintaining the" action, (a) As to the other reason assigned, it is obvious that no plea, which shows a perpetual disability in the plaintiff, can give him a better writ.
In truth, these are not really pleas in abatement, although the effect of them may generally be to abate the writ. In Lutw. 17, a plea of excommunication, in disability of the plaintiff, was held ill on demurrer, because it concluded with praying that the writ might be quashed. On the other hand, in 5 Mod. 136, 145, a plea, showing that the action was not brought in a proper manner against the defendant, was adjudged bad on demurrer, because it concluded with praying if the defendant ought to answer, instead of praying that the writ might be quashed. (5)
Perhaps these .cases and opinions may be reconciled by considering the plea that the plaintiff is not administrator, as one of those which may be pleaded either in bar or in abatement. There are many such cases, where the matter of the plea goes to preclude the plaintiff forever from maintaining the action, and it may therefore be pleaded in bar; yet, as in point of form it is in disability of the plaintiff, it may also be pleaded to the person. (6)
However this may be, we have no doubt that the objection relied on in this case is pleadable in bar; and, in the present stage of this action, it must be so pleaded, if the defendant vvould avail himself of it, as it is now too late to plead it in abatement. As a recovery in this case might * not be a bar to another [ * 317 ] action, to be brought for the same cause by a rightful administrator, it may be essential to the rights and interests of the defendant not to lose this ground of defence; and the Court have it in their power to permit an amendment of the pleas on proper terms, if requested, so as to present this defence in such a shape as to be cognizable by the Court.

 3 Mass. Rep. 514, Goodwin vs. Jones. — [Borden vs. Borden, 5 Mass. Rep. 67. — Stevens vs. Gaylord, ante, 256, 257.]

 There seems to be no reason for this departure from the usual form of pleading — 1 Chitty, Pl. 453, 5th ed.— Bac. Mr., Ex. C. Dougl. 5, in notis.— 1 Rich. C. P 443. — Carth. 69.

 1 Lev. 236. — Carth. 373. — 1 Saund. 274, note 3, by Williams. — 1 Chitty on Pleading, 445.

 Show. 50.

 Fitz. Mr., Trespass 106, 4th ed. 4, 6, 9, 44

а) Vide ante, Parkinson vs. Wentworth, 26.— Hutchinson vs. Brock, 119. — Sewall vs. Lee, 9 Mass. Rep. 363. —Martin vs. Woods, 9 Mass. Rep. 377.—Ainslie vs. Martin, 9 Mass. Rep. 454. — Levine vs. Taylor, 12 Mass. Rep. — Keith vs. Swan, ante, 216 — Otis vs. Warren, 14 Mass. Rep. 239.

 1 Salk. 298, S. C.

б) 1 Chitty, 435. — Gilb. Hist. & Prac. C. P. 200, 201.