GOLDSBURY POND, Jr. Administrator *vs.* WILLIAM MAKEPEACE & others.

A judgment recovered in this State — no defence having been made — by an administrator appointed in another State, on a demand due to the intestate from a citizen of this State, is no bar to a suit on the same demand by an administrator of the same intestate duly appointed in this State, although execution on the first judgment was levied on the debtor's real estate, and returned satisfied.

ASSUMPSIT on a promissory note for $ 2000, given by the defendants, on the 3d of April, 1835, to Oliver Capron, the plaintiff's intestate, payable in ninety days after demand, with interest. The case was submitted to the court on the following facts agreed :

Payment of said note was duly demanded more than ninety days before this action was commenced. The said Oliver Capron was an inhabitant of Smithfield, in the State of Rhode Island, and died there, leaving no property, besides the note in suit and one other note, to be administered upon in this Commonwealth. The plaintiff was duly appointed administrator of said Capron's estate by the judge of probate for this county, on the 3d of September, 1839.

Soon after the death of said intestate, Newton Capron of said

Smithfield was duly appointed administrator of his estate, by the proper authority in the State of Rhode Island, but no administrator was appointed in this Commonwealth before the appointment of the plaintiff.   Said Newton Capron, after his said appointment, and before the said appointment of the plaintiff, sued out a writ, in due form of law, as administrator of said Oliver Capron, against the defendants, on said note, and entered his action thereon at the court of common pleas held in this county, on the third Monday of December, 1836, when and where said Newton appeared, but the defendants did not appear; where upon said Newton discontinued as to William Makepeace, Jr., one of the defendants, and the other two, viz. William Make peace and George L. Makepeace, were defaulted, and judgment was rendered against them for the amount of said note and interest, and costs.   Execution was issued upon this judgment, on the 2d of January, 1837, and was levied on real estate of said defendants situated in the town of Franklin, consisting of about one quarter of an acre of land with a store, shed and stable thereon, and twenty-nine eighty-fourth parts of a factory and the land adjoining the same and the fixtures thereto belonging.   This levy was duly recorded in the registry of deeds ; seizin and possession of said premises were duly delivered to said Newton, by the officer who made the levy ; and the execution was returned fully satisfied.   Said Newton joined in a lease of the factory and privilege to one John S. Robinson, with the other owners thereof for five years.   Said Robinson occupied the same three or four months and then became insolvent, and left without paying rent ; and the same has since been unoccupied.   Said Newton, soon after the levy, leased the other portion of the estate, and the tenant converted the store into a dwellinghouse, dug a cellar and made other alterations thereon.   The said William and George L. Makepeace have never made any claim or set up any title to the real estate levied on as aforesaid ; and they offered, at the time of the service upon them of the writ in the present suit, to release the same to the plaintiff by deed.

The defendants to be defaulted, or the plaintiff to become nonsuit, according to the direction of the court

*Metcalf & Wilkinson,* for the plaintiff, cited the cases mentioned in the opinion of the court, and also *Campbell* v. *Tousey,* 7 Cow. 64. *Nass* v. *Vanswearingen,* 7 S. &. R. 192. *Grout* v. *Chamberlin,* 4 Mass. 611. 613. *Glenn* v. *Smith,* 2 Gill & Johns. 493. *Griffith* v. *Frazier,* 8 Cranch, 9. *Holyoke* v. *Haskins,* 5 Pick. 20.

*Merrick,* for the defendants.

DEWEY, J. The right of the plaintiff to recover in this action seems necessarily to result from the application of a few well settled legal principles to the case stated by the parties. That the suit instituted by Newton Capron in the courts of Massachusetts upon this promissory note, while acting under no other authority than as an administrator appointed in Rhode Island, was a proceeding entirely irregular, and might have been defeated by an appearance in the suit and filing the proper pleadings, is unquestionable.

We are then to inquire whether the suffering of judgment by default and upon the neglect of the party to contest the right of Capron to recover — connected with the further facts of the levy of the execution, that issued on that judgment, upon the real estate of two of the defendants, and the seizin and possession thereof delivered to the said Capron as the judgment creditor — by law discharges the defendants from all liability upon the note, when demanded of them by a lawful administrator, holding his appointment under the authority of this Commonwealth.

And it seems to us, that inasmuch as a foreign administrator has no authority to institute suits at law, in our courts, for the collection of any debt due to the estate he represents, and no power to render available, to those who may be interested in the estate, any levy on the real estate of a debtor; that any suit by him in our courts, resulting in a judgment and satisfaction of the same by a levy on real estate which the debtor has failed to redeem, will not debar the creditors or heirs at law of an intestate estate, acting through an administrator appointed under our laws, of the right to recover the amount due upon any demand that may have been thus sued, and upon which judgment and levy of execution on real estate may have been had by the foreign administrator.

The practical difficulties arising from such proceedings by an unauthorized administrator were foreseen and distinctly alluded to, in the opinion of the court in the case of *Goodwin* v. *Jones*, 3 Mass. 514, a leading case on the question of the authority of foreign administrators to institute suits in our courts. In that case it was asked with much pertinency by the court, " By what legal process could land set off on such an execution be made assets for the payment of the intestate's debts ? " And we may further ask, how can land thus set off be made available to anybody ? Not to the heirs at law ; for, having no privity with a title acquired through one not a legal administrator, they could not claim under it. The estate could not be sold for the payment of debts, because no license could be obtained, for such purpose, by one not acting as administrator under an appoint ment by our court of probate ; and as the administrator holds the estate, acquired by levy of execution, only in trust for the creditors and heirs at law, if neither of these interests attach, how can he claim to hold it as trustee, and for how long a time does his trust continue ?

The decision of this court in the case of *Langdon* v. *Potter*, 11 Mass. 313, bears strongly upon the general question raised in the present case. That was an action brought by an administrator appointed in the State of Connecticut. No objection being interposed upon the ground of want of proper parties, the case came to the court by appeal, and several pleas in bar, presenting other questions, were filed in the case, and the objection of want of authority, on the part of the plaintiff, to institute the action, was only raised upon motion, after the case was opened to the jury. Strong as were the objections to allowing a change in the pleadings at that stage of the cause, yet upon argument before the full court, this was allowed, and upon the ground, as stated by Jackson, J. that "a recovery in the case by the present plaintiff might not be a bar to another action to be brought for the same cause by a rightful administrator ; and it might be essential to the right of the defendant not to lose this ground of defence."

We do not think the fact, that the note was made payable to

an individual residing in Rhode Island, can affect the question, in the shape in which it now comes before us. Whether an actual payment of the note, in money, to the administrator in Rhode Island, might have constituted a sufficient defence, we have not thought it necessary to decide.

*Defendants defaulted.*