## JOSEPH B. HASTINGS *vs.* INHABITANTS OF BOLTON.

At a term subsequent to the return term, and after an answer to the merits, the superior court has no power to allow an answer in abatement to be filed, on the ground that neither party lived in the county in which the writ was made returnable, although the plaintiff is described in the writ as a resident of that county, and the fact that he was a resident of another county was not known to the defendants when the answer upon the merits was filed.

CONTRACT to recover $73.17 on an account annexed. In the writ the plaintiff was described as a resident of Boston in the county of Suffolk. In the superior court, the defendants filed an answer upon the merits, and the case was sent to an auditor, who heard the parties and made a report in favor of the plaintiff. At the hearing before the auditor, the plaintiff testified that when the action was commenced he was a resident of West Roxbury, in the county of Norfolk. The defendants thereupon objected that the action was improperly brought in Suffolk county, and that the court had not jurisdiction of it; and at the trial before the jury the same fact appeared, and the defendants renewed the objection, and then, for the first time, asked leave to file an answer in abatement, and a motion to dismiss ; which *Morton,* J., allowed to be done, and the plaintiff alleged exceptions. Upon a hearing on the answer in abatement, the jury returned a verdict for the defendants, and the case was reported for the determination of this court.

*W. P. Harding,* for the plaintiff.

*W. L. Brown,* for the defendants.

BIGELOW, C. J. It is a mistake to suppose that the superior court had no jurisdiction of this action, although it was subject to abatement by reason of being brought in a county where the plaintiff did not reside, and where the defendant town was not situated. It was a civil action in which the sum demanded was within the limit prescribed by law for the exclusive cognizance of that court. It had, therefore, jurisdiction of the parties and the subject-matter. Courts of general jurisdiction will hold pleas of all transitory actions if there is no plea to the jurisdiction, more especially where there is nothing on the face of the writ to show

any want of jurisdiction. Bac. Ab. Plea, E. 1. 1 Chit. Pl. 427
The provisions of law regulating the bringing of actions in cer-
tain counties were intended for the benefit of defendants, in order
to prevent inconvenience and vexation to them by being obliged
to answer to actions in remote counties at the pleasure of the
party bringing the suit. But it is only a matter of abatement
to the writ, and does not go to the general jurisdiction of the
court. *Cleveland* v. *Welsh,* 4 Mass. 591. *Carlisle* v. *Weston,*
21 Pick. 535. *Briggs* v. *Humphrey, ante,* 371. It was, there-
fore, competent for the defendants to waive the objection and to
answer to the merits of the case. This they had done by omit-
ting to plead the matter in abatement of the writ seasonably,
and by filing an answer to the action. *Simonds* v. *Parker,*
1 Met. 508. *Pratt* v. *Sanger,* 4 Gray, 88.

The court had no power to allow the answer in abatement to
be filed. It was not merely the exercise of an authority to per-
mit the defendants to amend their pleadings. It went much
farther. It set aside the well established rule of law that a
dilatory plea must be filed within a certain period of time after
the entry of an action, and it also deprived the plaintiff of the
benefit of the waiver of such a plea by an answer to the merits.
These were legal rights on which the plaintiff had a right to
insist, and which the court, in the exercise of a judicial discre-
tion, could not take away. The power to allow amendments,
though very broad and comprehensive, does not authorize courts
to disregard or abrogate the fixed and settled rules of law regu-
lating judicial proceedings; and, indeed, upon the broadest in-
terpretation of the words of the statute by which the power to
allow amendments is given, (Gen. Sts. c. 129, § 41,) the action
of the court in the present case was clearly unauthorized, be-
cause in the stage to which the cause had arrived, all matters
of abatement had ceased to be a " legal defence."

It was suggested that the facts on which the answer in
abatement was founded were not known to the defendants until
after the case had been in court for more than one term, and
after an answer to the merits had been filed. But this is wholly
immaterial. The defendants were bound seasonably to make

inquiry and ascertain whether the plaintiff had brought his action in the proper county. By omitting to do so they were guilty of laches, and the law will not relieve them from the consequences of such negligence.

It was also urged that these exceptions were not cognizable by this court, because the questions presented by them arose on a plea in abatement, in regard to which the decision of the judge of the court below is final. Gen. Sts. *c.* 115, § 7. But this position is clearly untenable. The statute was intended only to apply to questions which might arise in cases where a plea or answer in abatement was properly filed. Here the question is whether the court had any authority to permit such an answer to be filed at all.                    *Exceptions sustained.*