F. W. BROWN, JR., *vs.* CHARLES E. SMITH.

Waldo.    Opinion September 13, 1906.

*Probate Law.   Conflict of Jurisdiction.   Executors and Administrators.   Power and Authority Limited.   Foreign Decedent.   Ancillary Administration Necessary, When.   Foreign Administrator Cannot Assign Mortgage on Land in Maine.   R. S., c. 65, § 7; c. 66, §§ 14, 15, 16.*

It is a well settled principle of the common law that the power and authority of an administrator or executor, over the estate of the deceased, is confined to the sovereignty by virtue of whose laws he is appointed.

When assets of a foreign decedent are found in this state, ancillary administration must be obtained here before our courts will enforce the recovery of debts due the foreign decedent.

An administrator appointed in another state, cannot assign a mortgage of land situate in this state so as to enable the assignee to enforce payment thereof.

On report.   Judgment for defendant.

Real action to recover certain lands in Thorndike.   Writ dated December 16, 1904.   Plea, the general issue.

The plaintiff held by assignment a mortgage of the demanded premises given May 28, 1887, by Albert D. Bumps of Thorndike,

Maine, to George Tyler of Boston, Massachusetts, to secure a certain judgment recovered by said Tyler against said Bumps in the Supreme Judicial Court, Waldo County. Afterwards the said Tyler died and Isabella J. Tyler of Waltham, Massachusetts, was duly appointed administratrix of the estate of said Tyler by the Probate Court of Middlesex County, Massachusetts. The administratrix then assigned said mortgage to the plaintiff.

There was no ancillary administration on the estate of the said deceased, George Tyler, in the State of Maine. The defendant contended, among other things, that the administratrix of the estate of said deceased, George Tyler, had no power to make a valid assignment of the aforesaid mortgage given to her intestate as she had been appointed administratrix in another state while the mortgage was of land in the State of Maine.

The action was tried at the April term, 1906, of the Supreme Judicial Court, Waldo County, and at the conclusion of the evidence it was agreed to report the case .to the Law Court "to be determined upon such evidence as is competent and legally admissible."

.The case appears in the opinion.

*F. W. Brown, Jr., and W. H. McLellan,* for plaintiff.

· *R. F. Dunton and W. P. Thompson,* for defendant.

SITTING: WISWELL, C. J., STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

POWERS, J. Writ of entry to recover certain lands in Thorndike. The case comes here on report.

To make out title plaintiff introduced; (1) a duly recorded mortgage of the demanded premises from Albert D. Bumps of Thorndike, Maine, to George Tyler of Boston, Massachusetts, dated May 28, 1887, given to secure a certain execution and judgment recovered by said Tyler against said Bumps in this court in said Waldo County; (2) copies of records of the Probate Court of Middlesex County, Massachusetts, showing that December 10, 1889, Isabella J. Tyler of Waltham in the County of Middlesex was duly appointed administra-

trix of the estate of George Tyler late of said Waltham deceased; (3) assignment from said administratrix to the plaintiff of said mortgage, duly recorded and dated Nov. 21, 1904. This makes a prima facie case, if an administratrix appointed in another state has power to assign a mortgage given to her intestate upon real estate in this state.

It is a well settled principle of the common law that the power and authority of an administrator or executor, over the estate of the deceased, is confined to the sovereignty by virtue of whose laws he is appointed. In recognition of this principle provision is made by our statutes for the granting of ancillary administration on the estate of non-residents, who die leaving estate to be administered in this state, or whose estate is afterwards found therein. R. S., chap. 65, section 7; chap. 66, sections 14, 15 and 16.

One reason at least upon which this rule is founded, is to prevent the effects or credits of the deceased found in any state, which may be needed to satisfy debts due to the citizens of that state, from being withdrawn from its jurisdiction. That no such necessity in fact exists can never be known with certainty in any given case unless administration is granted, and an opportunity thereby afforded to creditors to present their claims. *Mansfield* v. *McFarland,* 51 Atl. 763. It is said in *Stearns* v. *Burnham,* 5 Maine, 261, that the principles of justice and policy, upon which similar statutes to those above cited were founded, "would seem to lead our courts of law to that course of proceedings which would harmonize with those principles and have a manifest tendency to produce the same beneficial results." In that case it was accordingly held that an executor appointed under the laws of another state, cannot indorse a promissory note payable to his testator by a citizen of this state, so as to give the indorsee a right of action here in his own name.

The debt due from Bumps, who at the time of the recovery of the judgment and ever since has been a resident of this state, constituted no part of the goods, effects, rights and credits of the intestate in Massachusetts, which alone the administratrix was authorized and empowered to administer. The debt follows the creditor while living; after his death it follows the debtor. *Saunders* v. *Weston,*

74 Maine, 85. The situs of the debt being in Maine, the administratrix, deriving her authority solely from the laws of Massachusetts, had no control over it.

There is even stronger reason for holding that she had no control over the mortgage. A mortgage and its assignment are conveyances of land in fee which must be recorded. It is desirable that title to real estate should so far as possible appear of record. The party having a right to redeem ought to be able, by an examination of the records in the registry of deeds and the probate courts of this state, to ascertain who is entitled to receive payment and give a discharge of the mortgage, without being compelled at his peril, to incur the expense of searching the records of other states and countries. Without doing this the defendant in the present case could not know, until the evidence was produced at the trial, that the plaintiff's assignee had ever been appointed administratrix of the deceased in the place of his domicile. The courts of Massachusetts in a case, which has been frequently cited and followed in that state, have decided the precise point here presented against the plaintiff's contention. *Cutter* v. *Davenport*, 1 Pick. 81. The question is a new one in this state; but the trend of our decisions has been to restrict the power of a foreign administrator to the jurisdiction of his appointment. *Stevens* v. *Gaylord*, 11 Mass. 255; *Stearns* v. *Burnham*, supra; *Smith* v. *Guild*, 34 Maine, 443; *Gilman* v. *Gilman*, 54 Maine, 453; *Smith* v. *Howard*, 86 Maine, 203; *Green* v. *Alden*, 92 Maine, 177.

It may fairly be regarded as the settled policy of this state that, when assets of a foreign decedent are found here, ancillary administration must be obtained here for the protection of resident creditors, before our courts will enforce the recovery of debts due the foreign decedent. Otherwise the assets could be converted into money, taken outside the state, distributed under the jurisdiction of foreign courts, and our citizens compelled to go into other jurisdictions to collect their just dues. Such is the general rule. Note to Shinn's Estate, 45 Am. St. Rep. 667; *Maas.* v. *Bank*, 176 N. Y. 377.

Inasmuch therefore, as ample provision is made by our statutes for the granting of ancillary administration in this state, a course

which seems to be in accord with our legislative policy and judicial decisions and may in any case be necessary for the protection of our citizens who are creditors of the estate, in view also of the fact that it is desirable so far as possible that title to real estate should somewhere appear of record in this state, we hold, in accordance with *Cutter* v. *Davenport* above cited, that an administrator cannot, by virtue of letters granted in another state, assign a mortgage of land situated in this state, so as to enable the assignee to enforce payment thereof. *Dial* v. *Gary*, 14 S. C. 573; 37 Am. Rep. 737; 18 Cyc. 1231; *Reynolds* v. *McMullen*, 55 Mich. 568. The right of a foreign administrator to receive a voluntary payment, and give a discharge of a debt so paid, is not involved in this case.

*Judgment for the defendant.*