GEORGE H. CHADWICK, Executor, *vs.* ASBURY C. STILPHEN.

Kennebec.     Opinion March 5, 1909.

*Wills. Foreign Wills. Executors and Administrators. Ancillary Administration.*
*Statutes. Construction. Probate Courts. Plea in Abatement. Revised*
*Statutes, chapter 65, section 7; chapter 66, sections 8, 10, 13, 16.*

The probate of a will does not determine the person to whom, or the time when, letters testamentary shall issue.

It is a well settled rule in Maine that the power of an executor to act in the settlement of the estate of a testator, is not derived wholly from his nomination in the will. His authority is not complete until there has been a compliance with all of the prerequisites named in Revised Statutes, chapter 66, section 8, namely: The will must be proved and allowed; the executor named therein must be legally competent in the opinion of the judge of probate; the executor must accept the trust and give bond to discharge the same when required, and must receive letters of administration.

When its proceedings have all been regular with respect to any matter within the authority conferred upon it by law, the decrees of the probate court when not appealed from, are conclusive upon all persons and cannot be collaterally impeached.

The provisions of the statutes of Maine authorizing the granting of ancillary administration on the estate of non-residents who die leaving property to be administered in Maine, were obviously enacted in recognition of the familiar principle of the common law that the authority of an executor over the estate of a deceased person is "confined to the sovereignty by virtue of whose laws he is appointed."

Revised Statutes, chapter 66, section 13, provides as follows: "Any will executed in another state or country, according to the laws thereof, may be presented for probate in this state, in the county where the testator resided at the time of his death, and may be proved and allowed, and the estate of the testator settled, as in case of wills executed in this state." Section 16 of the same chapter provides as follows: "After allowing and recording any will as aforesaid, the judge of probate may grant letters testamentary, or of administration with the will annexed thereon, and proceed in the settlement of the estate found in this state, in the manner provided by its laws with respect to the estates of persons who were inhabitants of any other state or country. . . . The provisions of section 10 of this chapter apply to such proceedings." Said section 10

provides as follows: "Letters testamentary may issue, and all acts required by law or otherwise under the provisions of the will may be done and performed by the executor without giving bond, or by his giving one in a specified sum, when the will so provides; but when it appears necessary or proper, the judge may require him to give bond as in other cases." *Held:* That when section 16 is construed in connection with section 10 and 13, it becomes obvious that a foreign will may be proved and allowed and the estate of the testator settled as in case of a will executed in the State of Maine.

Where two executors were named in the will of a testator whose residence was in New York State and the will was executed in that State according to the laws thereof and was duly proved and allowed in that State, and letters testamentary were issued in that State to the two executors and at the same time one of the executors filed a petition, signed by himself alone, in the Probate Court, in Kennebec County, Maine, representing that the testator left estate in that county on which the will might operate and asking that the will be allowed in Maine and that letters testamentary be issued to him and the will was allowed by the Probate Court in said county and letters testamentary issued to the petitioning executor alone, and not jointly with the co-executor named in the will, and no appeal was taken, *Held:* That the petitioning executor to whom the letters of administration were issued was the legal executor of the will in Maine and had authority over the estate to be administered in Maine and that the co-executor named in the will was not qualified to act in Maine.

Where a will executed in New York State was proved and allowed in that State and letters testamentary in that State were issued to the two executors named in the will, and ancillary administration on the estate was granted in Maine on petition therefor by one of the executors without the joinder of his co-executor and letters testamentary were issued to the petitioning executor alone, and such executor afterwards in his capacity as executor brought an action to foreclose a mortgage of land in Maine, given to the testator by the defendant, a resident of Maine, and the defendant filed a plea in abatement to the writ because the co-executor named in the will appointed in New York State as co-executor with the plaintiff, was not joined in the writ nor in the probate proceedings whereby ancillary administration was granted in Maine, *Held:* That the plea in abatement must be adjudged bad.

On exceptions by plaintiff.    Sustained.

Real action to foreclose a mortgage.    The defendant filed a plea in abatement to the writ.    To this plea the plaintiff filed a demurrer which was joined by the defendant.    The presiding Justice overruled the demurrer, sustained the plea in abatement and ordered the writ and declaration to be quashed.    To this ruling the plaintiff excepted.

The case is stated in the opinion.

*Williamson & Burleigh*, for plaintiff.

*Asbury C. Stilphen*, pro se.

SITTING: EMERY, C. J., WHITEHOUSE, CORNISH, KING, BIRD, JJ.

WHITEHOUSE, J. This is a writ of entry brought by the plaintiff, as executor of the will of Nathaniel K. Chadwick late of Catskill in the State of New York, for the purpose of obtaining possession of the premises therein described situated in the county of Kennebec and State of Maine, in order to foreclose a mortgage thereof given by the defendant to the plaintiff's testator.

Nathaniel K. Chadwick died in May, 1906. By his will he appointed his wife Celia S. Chadwick and his son George H. Chadwick, the plaintiff in this action co-executors of the will. They accepted the trust and received letters testamentary issued to them as co-executors by the surrogate's court of New York, November 10, 1908, but neither gave bond, the will providing that no bond should be required.

In May, 1907, the plaintiff George H. Chadwick, filed in the probate court of Kennebec county an authenticated copy of the will and of the record of the probate thereof in the surrogate's court of New York, and of the letters testamentary issued by that court to Celia S. Chadwick and George H. Chadwick, as co-executors. At the same time the plaintiff filed a petition signed by himself alone representing that the testator at the time of his decease left estate in the county of Kennebec and State of Maine upon which the will might operate and asking that the will be allowed in this State and that letters testamentary be issued to him. After due notice and hearing upon this petition it was ordered that the will be allowed in this State, and that a copy of it and of the probate thereof be recorded and filed and that letters testamentary be issued to the petitioner, George H. Chadwick. In accordance with this decree letters testamentary were issued to George H. Chadwick alone as executor, and not jointly with Celia S. Chadwick, the co-executor named in the will. No appeal was taken from this decree of the

probate court of Kennebec county in this State, and July 20, 1907, the plaintiff commenced this action.

The defendant seasonably filed a plea in abatement to the writ, because Celia S. Chadwick who was named in the will and appointed by the court in New York as co-executor with the plaintiff, was not joined in the plaintiff's writ and declaration in this case, nor in the probate proceedings in the county of Kennebec in this State.

To this plea the plaintiff filed a demurrer which was joined by the defendant. The presiding Justice overruled the demurrer, sustained the plea in abatement and ordered that the writ and declaration be quashed. The case comes to the Law Court on exceptions to this ruling.

In approaching the consideration of the question presented for the decision of the court in this case it is proper to be reminded that courts of probate are wholly creatures of the legislature, and are tribunals of special and limited jurisdiction. *Taber* v. *Douglass*, 101 Maine, 363; *Snow* v. *Russell*, 93 Maine, 362; *Smith* v. *Howard*, 86 Maine, 203.

The provisions of our statute specially involved in this inquiry are as follow, viz: Section 7 of chapter 65 provides that

"Each judge may take the probate of wills and grant letters testamentary or of administration on the estates of all deceased persons who at the time of their death. . . . not being residents of the state, died leaving estate to be administered in his county."

The statutes relating to foreign wills are found in chapter 66 and section 13 provides that "Any will executed in another state or country, according to the laws thereof, may be presented for probate in this state, in the county where the testator resided at the time of his death, and may be proved and allowed and the estate of the testator settled as in case of wills executed in this state."

Section 16 reads as follows: "After allowing and recording any will as aforesaid, the judge of probate may grant letters testamentary, or of administration with the will annexed thereon, and proceed in the settlement of the estate found in this state, in the manner provided by its laws with respect to the estates of persons who were inhabitants of any other state or country. . . . The

provisions of section 10 of this chapter apply to such proceedings."

Sections 8 and 10 of the same chapter prescribe the duties of the judge of probate in granting letters of administration and in requiring a bond of the executor, as follows:

Section 8. "When a will is proved and allowed, the judge of probate may issue letters testamentary thereon to the executor named therein, if he is legally competent, accepts the trust and gives bond to discharge the same when required, but if he refuses to accept on being duly cited for that purpose or if he neglects for twenty days after probate of the will so to give bond, the judge may grant such letters to the other executors, if there are any capable and willing to accept the trust."

Section 10 reads as follows: "Letters testamentary may issue, and all acts required by law or otherwise under the provisions of the will may be done and performed by the executor without giving bond, or by his giving one in a specified sum, when the will so provides; but when it appears necessary or proper the judge may require him to give bond as in other cases."

These provisions of our statutes authorizing the granting of ancillary administration on the estate of non-residents who die leaving property to be administered in this State, were obviously enacted in recognition of the familiar principle of the common law that the authority of an executor over the estate of a deceased person is "confined to the sovereignty by virtue of whose laws he is appointed." *Brown* v. *Smith*, 101 Maine, 545.

It has been seen that section 16 declares that after allowing any foreign will and granting letters testamentary, the judge of probate shall "proceed in the settlement of the estate found in this State, in the manner provided by its laws with respect to the estates of persons who were inhabitants of any other state or country," and makes applicable to such proceedings the provisions of section 10 relating to wills executed in this State, which authorize the judge of probate to require an executor to give bond "when it appears necessary," even when the will provides that no bond shall be required. When therefore section 16 is construed in connection with sections 10 and 13, it becomes obvious that a foreign will may be proved

and allowed and the estate of the testator settled as in the case of a will executed in this State, and that the question raised in the case at bar is the same as if the testator had been a resident of Kennebec county and the will had originally been presented for probate there.

In accordance with the obvious scope and purpose of these statutory provisions, it is a well settled rule in this State that the power of an executor to act in the settlement of the estate of a testator is not derived solely from his nomination in the will. · His authority is not complete until there has been a compliance with all of the prerequisites named in section 8 of the statute above quoted. The will must be proved and allowed ; the executor named therein must be legally competent in the opinion of the judge of probate; the executor must accept the trust and give bond to discharge the same when required, and must receive letters of administration from the judge of probate. "The probate of the will does not determine the person to whom, or the time when, letters testamentary shall issue." *Gurdy, Executor, Apt.*, 101 Maine, 73 ; *Millay* v. *Willy*, 46 Maine, 230.

It has been seen that Celia S. Chadwick did not join in the petition of George H. Chadwick for the probate of the will in this State. It does not appear that in the opinion of the judge of probate she was competent to act as one of the executors. · There is no evidence that she ever signified her willingness to accept the trust in this State. For aught that appears she may have been required to give bond and refused, and finally she never received letters testamentary from the court in this State.

In *Gilman* v. *Gilman*, 54 Maine, 453, the defendant pleaded in abatement the non-joinder of certain persons named in the will as executors, who had never given bonds as required by our statutes, but had qualified as executors in the State of New York under the law of that State, and entered upon the discharge of the trust there. The plaintiff replied that the complainants were the only executors who had been duly qualified under the laws of this State, and on this ground the plea in abatement was adjudged bad. See also *Rubber Co.* v. *Goodyear*, 9 Wall. 788.

It thus satisfactorily appears that George H. Chadwick is a legal executor of the will in question having authority over the estate of the testator to be administered in this State and that Celia S. Chadwick is not an executrix of the will qualified to act in this State.

But the decree of the probate court in this State, granting letters testamentary to George H. Chadwick, from which no appeal was taken, is itself conclusive upon this point. When its proceedings have all been regular with respect to any matter within the authority conferred upon it by law, the decrees of the probate court when not appealed from, are conclusive upon all persons and cannot be collaterally impeached. *Taber* v. *Douglass*, 101 Maine, 363. In the case at bar the probate court not only had jurisdiction of the subject matter but the record of its proceedings under the statutes of this State clearly shows its authority and power to grant letters testamentary to George H. Chadwick without appointing Celia S. Chadwick as co-executor, and conclusively establishes the validity of its decree. Whether or not Celia S. Chadwick was a competent person for the trust, and whether it appeared necessary to require her to give bond would be matters properly addressed to the sound judgment and discretion of the judge of probate in this State and no appeal being taken, his determination of such questions would be final.

Furthermore there is no allegation in the defendant's plea in abatement that Celia S. Chadwick was legally competent to act as executor in this State, or was willing to accept the trust and to give bond if a bond was required, or that she ever complied with any of the prerequisites to qualify her to act as executrix in this State.

The certificate must therefore be,

<div style="text-align:right">

*Exceptions sustained.*
*Demurrer sustained.*
*Plea in abatement adjudged bad.*