LEONARD ADVERTISING COMPANY *vs*. ROSCOE M. FLAGG.

Penobscot.    Opinion January 11, 1930.

434

*Maxwell & Conquest*, for plaintiff.
*D. I. Gould*, for defendant.

SITTING: DEASY, C. J., DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

PATTANGALL, J.   On exceptions.  Plaintiff, a foreign corporation, brought an action in assumpsit to recover a balance claimed to be due it on account.  Defendant pleaded the general issue with brief statement and later filed specifications of defense.

Both in his brief statement and specifications, he alleged that plaintiff had not complied with the provisions of Secs. 107 and 108 of Chap. 51, R. S. 1916, wherein it is provided that foreign corporations doing business in this state shall file with the secretary of state certificates containing certain information and that while failure to do so shall not affect the validity of any contract with such corporation, "no action shall be maintained or recovery had

in any of the courts of this state by any such foreign corporation so long as it fails to comply with the requirements of said sections." And he also alleged that plaintiff had "in its hands $1,000 in cash which in equity and good conscience belonged to the Electric Advertising Corporation or to this defendant and in any event did not belong to this plaintiff."

The case was continued and at a later term plaintiff moved to strike out both of these allegations from the brief statement and the specifications of defense; the first on the ground that such a defense could be properly pleaded in abatement only, and the second on the ground that it "was irrelevant, not properly within the scope of a brief statement and did not constitute a defense."

The presiding Justice granted the plaintiff's motion, to which ruling defendant seasonably excepted.

"The general issue may be pleaded in all cases and a brief statement of special matter of defense, or a special plea, or double pleas in bar, may be filed." Sec. 35, Chap. 87, R. S. 1916. But a brief statement does not take the place of a plea in abatement, a demurrer, a motion to dismiss or other dilatory plea. Nor may irrelevant matter not constituting a defense be set out in a brief statement. *Stewart* v. *Smith*, 98 Me., 104.

Plaintiff's motion to strike out from the brief statement matters not properly included therein was in the nature of a demurrer. "Brief statements should contain a specification of matters relied upon in defense, aside from such as would come under the general issue" and "be certain and precise to a common intent." *Washburn* v. *Mosely*, 22 Me., 163. "Demurrer to a brief statement will lie when such a statement sets up a defense which may properly be made under the general issue or contains matter in justification but fails to state enough to afford justification." *Corthell* v. *Holmes*, 87 Me., 24.

The statement that plaintiff "had in its hands $1,000 in cash which in equity and good conscience belonged to the Electric Advertising Corporation or to this defendant" neither states a defense nor can it be said to be "certain and precise." It was properly stricken from the pleadings. Defendant urges that in support of that portion of his brief statement he intended to show agency and payment by his principal. The defense of payment was open to him

under the general issue. *Hibbard* v. *Collins*, 127 Me., 383. And if he could show payment of this particular indebtedness by his principal, the opportunity to do so could not be denied him under that issue. If this paragraph was inserted for the purpose claimed, it was unnecessary and was further open to the serious objections of duplicity and ambiguity.

The court below also ruled correctly in sustaining the motion to strike from the brief statement the paragraphs relating to the failure of plaintiff to comply with the provisions of Secs. 107 and 108 of Chap. 51, R. S. 1916.

A plea of the general issue admits the capacity of the plaintiff to sue. *Clark* v. *Pishon*, 31 Me., 503; *Brown* v. *Nourse*, 55 Me., 230; *Strang* v. *Hurst*, 61 Me., 9; *Bresnahan* v. *Soap Co.*, 108 Me., 128.

True, "it is a good defense, under the general issue, that the writ was sued out before the right of action had accrued and it cannot be made a plea in abatement." *Wingate* v. *Smith*, 20 Me., 287. But here the cause of action had accrued; the right to maintain it waited the compliance by the plaintiff with the conditions imposed upon it by the statute.

The fact that a plaintiff foreign corporation has not complied with the statute imposing conditions precedent to its right to maintain an action in the state where such action is brought is a matter for abatement and must be so pleaded. *Weaver Coal and Coke Company* v. *Rhode Island Coöperative Coal Company*, 27 R. I., 194; *Model Heating Company* (Del.) v. *Margarity*, 81 Atl., 665; *Walter A. Wood Machine Co.* v. *Caldwell* (Ind.), 23 Am. Rep., 641.

It is not necessary that plaintiff should declare that it has complied with the statute in question. *Friedenwald Co.* v. *Warren*, 195 Mass., 435.

*Exceptions overruled.*