FORT FAIRFIELD NASH COMPANY ET AL. *vs*. WILLIAM NOLTEMIER.

Aroostook.     Opinion, January 27, 1937.

*Albert F. Cook*, for plaintiffs.
*Ralph K. Wood*, for defendant.

SITTING: DUNN, C. J., STURGIS, THAXTER, HUDSON, MANSER, JJ.

HUDSON, J.   Report in equity on agreed statement of facts. Sec. 56, Chap. 91, R. S. 1930. The complainants seek to enjoin and restrain the respondent from the enforcement of two judgments (and executions issued thereon), alleged to have been unlawfully recovered by him as a foreign executor.

Otto Baumer, residing in New Jersey, sued the Fort Fairfield Nash Company on its overdue promissory notes and entered his writ at the November Term, 1931, of the Superior Court in Aroostook County, where the Company, a Maine corporation, had its place of business. Its attorney answered and by agreement the action stood continued to the next February Term, when, Mr. Baumer's death having been suggested on the docket, it was continued to the following April Term. Then, William Noltemier of New Jersey, having qualified only in that state as executor of the last will and testament of the deceased plaintiff, appeared and this docket entry was made: "William Noltemier, Executor, appearing by his attorney, R. K. Wood," following which the "action was defaulted by agreement," judgment rendered and execution issued.

The judgment unpaid, Mr. Noltemier then sued the attachment-releasing bond given to him as executor by the Nash Company, principal, and Solomon and Wachlin, sureties. This bond suit upon

entry was answered to generally by the same attorney who appeared for the defendant in the first action. It, too, was defaulted by agreement and judgment rendered, on which execution issued. From these judgments and executions the complainants seek relief.

Not until December 19, 1933, did the Nash Company, its sureties or their attorney learn that Mr. Noltemier had received no local appointment. He did, however, on May 15, 1934.

As contended by the complainants, foreign administrators and executors at common law can not merely by virtue of their offices prosecute actions in courts of other states. Schouler on Wills, Executors and Administrators, Vol. 4, 6th Ed., Sec. 3501, page 2803, and cases cited therein; *Stearns* v. *Burnham*, 5 Greenl., 261, 262; *Sidensparker* v. *Sidensparker*, 52 Me., 481; *Saunders, Admr.* v. *Weston*, 74 Me., 85, 90; *Brown* v. *Smith*, 101 Me., 545, 547, 64 A., 915; *Chadwick, Exr.* v. *Stilphen*, 105 Me., 242, 247, 74 A., 50.

These judgments, it is also claimed, are void for failure of Mr. Noltemier to comply with the provisions either of Sections 14 and 16 of Chapter 76, R. S. 1930, providing for the allowance and recording of wills proved and allowed in other states and the settlement of such estate as is found in this state, or of Section 68 of the same chapter providing for the granting of a license to a foreign executor to collect and receive personal estate in this state.

By Section 7 of Chapter 101, R. S. 1930, it is provided that "when the only plaintiff or defendant dies while an action that survives is pending, . . . his executor or administrator may prosecute or defend, . . ."

Section 57 of Chapter 96 also makes provision for voluntary and cited-in appearance of an executor or administrator following the death of a party to a suit that survives.

Although the two statutes last mentioned do not distinguish between executors or administrators appointed *within* and *without* the state, we have no doubt that what is meant is only such as are locally appointed.

The first action, being in contract, survived. *Stimpson* v. *Sprague, Admr.*, 6 Me., 470; Sec. 8, Chap. 101, R. S. 1930. It could lawfully remain on the docket awaiting the voluntary or

compelled appearance of a party plaintiff. If a foreign executor complies with the statutory requirements, he may come in as such plaintiff and prosecute the action to its conclusion. Mr. Noltemier did not comply and thus acquire capacity to act as executor in Maine. As an individual he came voluntarily and placed himself as a person within the local jurisdiction, although not possessed of the capacity of an executor. This was also true as to the second action.

But can these complainants, the then defendants, take advantage now of what was then available as defence? We think not. Noncapacity is pleadable only in abatement and, unless so pled, is waived. Not so as to lack of jurisdiction. No pleas were filed either in the first or second action.

In *Strang* v. *Hirst*, 61 Me., 9, Chief Justice Appleton stated:

"When one sues as administrator or executor his capacity to prosecute a suit as such can only be questioned by plea in abatement."

As to necessity of pleading in abatement, also see *Brown, Admx.* v. *Nourse et al.*, 55 Me., 230 (a foreign administratrix case) ; *Pope et al.* v. *Jackson*, 65 Me., 162 ; *Inhabitants of School District No. 6 in Dresden* v. *Aetna Insurance Co.*, 66 Me., 370. In the last mentioned case, it is stated:

"We are aware that a different rule prevails in some of the states, but that is no reason for disregarding our own rule. Such a defense, if made at all, should be made promptly. By holding that it can only be made by plea in abatement, and within the time allowed for filing such pleas (which is the first two days of the first term,) this promptitude is secured. The rule is therefore a good one and should not be departed from."

Also see *Abbott* v. *Chase*, 75 Me., 83 ; *Stewart* v. *Smith, Exr.*, 98 Me., 104, 56 A., 401.

As to the first action, while our Rule of Court (Rule V) requires the filing of a plea in abatement "within two days after the entry of the action," yet where the cause for abatement does not arise until afterwards, the plea must be filed "at the first reasonable oppor-

tunity," else the matter in abatement will be regarded as waived. 1 C. J. S , Sec. 193, pages 248 and 249.

In the second action, the abatable matter preceded its entry in point of time and therefore the Rule of Court had application.

In *Moore, Admr.* v. *Philbrick*, 32 Me., 102, relied upon by the complainants, the Probate Court in Penobscot County without any jurisdiction (because the intestate died in Piscataquis County) appointed the plaintiff administrator. No plea in abatement was filed. The case came to the Law Court on an agreed statement of facts. It being submitted "without any stipulation, that it shall be made to depend upon the pleadings, or that their effect shall be controlled by them," the Court held that it was not called upon to determine by what plea the defence could be put in issue and that if the facts would verify any plea, it would be a bar to the action. On the contrary, we must consider the pleadings, because the instant case is reported as consisting of "all pleadings . . . docket entries," as well as the facts agreed upon. Still, in the Moore case the Court did say, "But the facts in this case do show a bar to the action, and might be received in evidence under a plea in bar," citing as its principal support *Langdon et al., Admr.* v. *Potter*, 11 Mass., 313. This was *obiter dicta*, the force of which we think is destroyed by later decisions to which we shall refer. Speaking of the Langdon case, *supra*, Judge Kent said in *Brown, Admx.* v. *Nourse et al.*, supra:

> "The principal question is, whether under the general issue, the defendant admits the plaintiff's capacity as administratrix, or whether that is or can be put in issue by that plea. This question seems to have been directly determined by this Court in the case of *Clark* v. *Pishon*, 31 Me., 503. It was there held that,—'by pleading the general issue the defendant admitted the plaintiff's capacity.' This case was decided after the decision in *Langdon* v. *Potter*, 11 Mass., 315, in which a different doctrine is indicated, although that case was cited by counsel in *Clark* v. *Pishon*. On examination of the authorities, we are satisfied that the decision by our own Court is, to say the least, as well supported in every respect as the contrary doctrine."

In *Stewart* v. *Smith,* supra, our Court accepted the law as enounced in *Brown* v. *Nourse,* supra, as opposed to that in the Langdon case and held that the fact the defendant was not executor when sued could not be pleaded in a brief statement under the general issue but only in abatement. Reason therefor was given in the following quotation from *Brown* v. *Nourse,* supra:

"The principle which lies at the bottom is, that where, independently of all merits, a party would deny the capacity of the plaintiff and his right to be heard in court in the case, the objection must be interposed in limine, so as to prevent unnecessary costs and delay. It is a safe and extremely convenient rule in practice, and not unreasonable in its requirements. It only demands that what is preliminary in its nature shall be interposed and determined before the merits are reached. We do not see any sufficient reason for overruling *Clark* v. *Pishon."*

*Stewart* v. *Smith* is approved in *Leonard Advertising Company* v. *Flagg,* infra.

In *Anthes* v. *Anthes,* 121 Pac., 553 (Idaho), an action brought by a foreign executor who had not taken out ancillary administration, the court said on page 555:

"Now it is clear from the foregoing provision of the statute that the objection here raised has been waived, unless it goes to the jurisdiction of the court or the sufficiency of the facts pleaded to constitute a cause of action. There can be no question as to the jurisdiction of the court, because the party came into the court and subjected himself to its jurisdiction, so that question is at once eliminated. The facts pleaded are also sufficient to constitute a cause of action and, if proven, to entitle the one who pleads them to a judgment. If, however, the party who pleads these facts, as in the case at bar, is not legally and lawfully entitled to maintain the action by reason of never having been duly appointed and constituted the executor and legal representative of the estate he assumes to represent, then the objection is purely one going to the capacity of the pleader to maintain his action. He is in this respect on a parity with a foreign corporation which comes into the state and com-

mences an action and fails to show that it has complied with the Constitution and laws of the state, so as to give it a legal status in this state and entitle it to a hearing before the courts of the state."

In *Leonard Advertising Company* v. *Flagg*, 128 Me., 433, 148 A., 561, this Court held that the fact a foreign corporation had not complied with the statute imposing conditions precedent to its right to maintain an action in the state where such action is brought is a matter for abatement and must be so pleaded.

In *Dearborn* v. *Mathes, Admr.*, 128 Mass., 194, Chief Justice Gray said:

"The objection that the original action could not be maintained, for want of the issue of Letters of Administration to the plaintiff in this Commonwealth before it was brought, could not be availed of without being pleaded, and affected only the capacity of the plaintiff to sue, and not the jurisdiction of the Court."

In an article in the *Harvard Law Review* (Vol. 48, on page 918), the authors say: "Cases in several jurisdictions hold that objection to suit by a foreign administrator goes only to the capacity of the plaintiff, and not to the merits of the case" and cite *Anthes* v. *Anthes*, supra. *M'cGrew* v. *Browder*, 2 Mart. (N. S.), 17; *Langdon* v. *Potter*, 11 Mass., 313; *Gregory* v. *McCormick*, 120 Mo., 657, 25 S. W., 565; *Wilson* v. *Wilson*, 26 Ore., 251, 38 Pac., 185; *Security First-National Bank* v. *King*, 46 Wyo., 59, 23 Pac. (2nd), 851, with only two cases contra, viz.: *Louisville & Nashville R. R.* v. *Brantley's Administrator*, 96 Ky., 297, 28 S. W., 477, and *Lefebure et al.* v. *Baker et al.*, 69 Mont., 193, 220 Pac., 1111.

". . . He who is entitled to avail himself of such defence" (meaning abatement) "must interpose it promptly according to established form, otherwise the objection is deemed to be waived; even ignorance of a cause of abatement is insufficient to justify the defendant in raising the objection after the limited time has expired. This defence, being a dilatory one, can

not ordinarily be made after a demurrer or after an answer to the merits or plea in bar, unless it be for a matter occurring thereafter, after the parties have gone to trial on the merits, *or after judgment.*" See 1 Am. Juris., Sec. 73, page 66, and cases there cited.

In 1 C. J. S., *supra*, Sec. 205, it is stated:

". . . The general rule is that defendant is bound seasonably to make inquiry and that ignorance is no excuse and does not even authorize the court to allow the plea to be filed after its proper time and order of pleading."

As an excuse for not pleading in abatement, it is urged that the complainants had no knowledge that the executor had not complied with the statutory requirements but they could have had it easily, simply by examining the probate records. This language of Chief Justice Bigelow in *Hastings* v. *Inhabitants of Bolton,* 83 Mass., 529, is apt:

"It was suggested that the facts on which the answer in abatement was founded were not known to the defendants until after the case had been in court for more than one term, and after an answer to the merits had been filed. But this is wholly immaterial. The defendants were bound seasonably to make inquiry and ascertain whether the plaintiff had brought his action in the proper county. By omitting to do so they were guilty of laches, and the law will not relieve them from the consequences of such negligence."

So the lack of knowledge by these complainants can not now avail them as an excuse for failure to plead in abatement. They were bound to know, else be deemed guilty of laches, with the result that the judgments thus obtained and by their consent following general appearance are as well founded as though there had been compliance with the statutes.

The complainants also say they were misled by the entry on the docket and in the second writ, that Noltemier was executor, and that relying thereon they agreed to the default. A false statement is essential to such fraud. This statement was simply that he was

executor and that was true. It was not said he had been appointed executor in Maine, although that was a possible inference. That it was his intent so to be understood is negatived by the stipulated fact that, "said docket entry was made and said action brought by said Noltemier's counsel without actual intent by said counsel to deceive, but through his overlooking the necessity of ancillary administration."

The complainants have failed to establish grounds for the relief sought and the entry must be,

*Bill dismissed.*